# UPSON v. AUSTIN.

1. The offence of usury is not complete so as to enable a common informer to sue for the penalty given by the statute until the money, &c. has been taken, accepted or received.

2. When a cause is submitted to a jury on two counts of a declaration, one of which is bad and the other good, and the evidence sustains the bad count only, it is not error to refuse to charge that the plaintiff is entitled to recover generally. If the plaintiff wishes a verdict on such evidence, he must request the Court to charge the jury that he is entitled to a verdict on that count only to which his evidence applies; the evidence showing no legal cause of action.

Upson v. Austin.

WRIT of Error to the Circuit Court of Perry county.

Action of debt *qui tam* to recover a penalty under the act to regulate the rate of interest.

The declaration has two counts; the first of which charges the taking, accepting and receiving of seven hundred and fifty dollars for the loan of three thousand dollars, from the 20th April, 1839, to the 1st April, 1840, by reason of a corrupt contract between the defendant and one Samuel Child.

The second count alledges the taking, accepting and receiving the unlawful interest by taking the note of the borrower for three thousand seven hundred and fifty dollars for the loan of $2,950, for the same space of time, in pursuance of a corrupt contract, &c. This count sets out the entire contract for the reservation of the illegal interest, charging the taking accepting and receiving of eight hundred dollars in the said note as usury, but it does not aver that the note or any portion of it has been paid.

The defendant demurred generally to the declaration, but the Court overruled the demurrer, and a verdict was afterwards returned for the defendant, on which judgment was rendered.

It appeared at the trial that the usurious contract was made as alledged in the second count, but there was no proof that any payment had ever been made on the note. The Court charged the jury, that although the contract was usurious, yet as there was no proof of payment, the plaintiff was not entitled to recover.

The plaintiff excepted, and now assigns as error that the Court erred in this charge.

GRAHAM, for the plaintiff in error, insisted that the statute intended to give the penalty upon the *making* of the usurious contract, and that the *taking, accepting and receiving* named by the statute, must be construed to mean any reservation of usurious interest. Without such a construction no effect can be given to the three years limitation. And the whole act must receive effect if effect can be given to it. [Digest, 437; 4 Porter, 136; 1 Dyer, 95, a.; Rutherford's Institutes, 416; 2 Cranch, 33, 52; 5 Wheat. 56, 76.]

At all events, the Court should have charged the jury to find for the plaintiff, because the evidence was in strict conformity with the second count. [3 Porter, 43, Hazard v. Purdom.]

PORTER, contra, cited Fisher v. Beasly, 1 Day; Loyd v. Williams, 3 Wilson, 250; Maddock v. Stammett, 7 D. & E. 184; Commonwealth v. Frost, 4 Mass. 460; Brook v. Middleton, 1 Camp. 445; Sampson v. Warren, 15 Mass. 460; Benbow v. Parker, 1 H. Black. 283; Borrowdale v. Middleton, 2 Camp. 53. As to the *proviso* of the statute, it can never be admitted to add to the enacting clause or add to the penalty previously imposed. The sole effect of a *proviso* is to limit and explain.

GOLDTHWAITE, J.—1. The present action is founded on the 2d section of the act of 1819, entitled an act to regulate the rate of interest, which is in these words:

" Every person who, upon any contract, shall take, accept, or receive, by way or means of any corrupt bargain, loan, exchange or shift of any money, goods, wares, merchandize, commodities, or bonds or notes, or other thing whatsoever, above the rate of eight dollars for the forbearance or giving day of payment of one hundred dollars for one year, and so after that rate for a greater or less sum, or for a longer or shorter time, and so after that rate or proportion for goods, wares merchandize, commodities, bonds or notes, when such shall be lent, contracted or agreed for, taken, accepted or received, shall forfeit and lose for every such offence, the whole value or amount together with all interest thereon; one half of which forfeiture shall be paid into the public treasury for the use of the State, and the other half to him or them that will inform and sue for the same, to be recovered with costs by action of debt, in any Court of record in the State : *Provided,* That if the borrower should be the informer as aforesaid, the whole amount thus recovered shall be paid into the treasury for the use of the State : *Provided also,* That every such action of debt as aforesaid, shall be commenced and sued in the lender's lifetime, or within three years after the commission of the offence, *or within one year after the time of payment of any money, goods,*

*wares or merchandize, contracted to be puid on any usurious agreement or contract."*

The question to be determined is, at what time and by what act is the offence of usury complete, so as to give the right to sue for the penalty?

When only the body of the section is examined, it seems perfectly clear that the *taking, accepting or receiving* of the illegal interest contracted for is necessary to consummate the offence. Additional force is given to this construction by the first and fourth sections of the act, the former of which has the effect to avoid all usurious contracts, and the latter expressly declares that the obligor of any note or bond given on account of any usurious contract shall be forever exonerated therefrom. It is therefore certain that these sections impose on the lender the liability to lose the entire sum lent or contracted for, and hence it would be most unreasonable to create additional forfeiture by mere implication. Independent of this view, it may be said that the contract to take illegal interest only evinces an intention to violate the statute, which is punished by the nullity of the contract, and that therefore the object of the statute never could have been to inflict a double punishment for a mere intention not carried into effect.

The doubt with respect to the proper construction of the statute arises out of the last clause of the second proviso; which directs that the action for the penalty shall be brought within one year after the time of payment of any money, &c. contracted to be paid in any usurious agreement or contract, and because this is comparatively inconsistent with the second clause of the same proviso, it is inferred that the evading clause must be extended, so as to give every term of the proviso its fullest effect. It may be conceded that it is difficult to conceive how the action may be brought within three years after the commission of the offence by the *receipt* of the money contracted for, and yet within one year after the time of payment contracted for, yet if there is any such condition in which a contract may be placed, all the terms of the proviso will be filled.

This would be the case where money was contracted to be paid at a distance of four years. Then if the payment was made in advance of the time and within two years after the

making of the contract, full effect could be given to each of the limitations. It may be said this would be a forced construction, but in our opinion it is not so much so as to extend the enacting clause by any implication arising from the uncertainty of the proviso. If, however, we were driven to that necessity, we should declare that the different clauses of the proviso inconsistent with each other, were ineffectual for uncertainty, rather than extend the statute beyond what seems to have been the manifest intention.

Our conclusion then is, that no right to the penalty is given until the receipt of the money contracted for as interest, and that it does not attach at the time of the contract.

2. It is said however that the plaintiff, on the pleadings and proofs was entitled to a verdict. To sustain this position the case of Hazard v. Purdom, [3 S. and P. 43,] is relied on. There evidence was given to sustain a bad plea, on which issue was taken, and it was held the party was entitled to a verdict according to the issue, and independent of its merits; but then the charge was requested as applicable to the particular issues. So in this case, we might not feel disposed to deny the right of the party to a verdict on the second count of the declaration, if he had asked a charge applicable alone to that, but as he did not do so, and as the evidence did not make out a legal cause of action, although it supports the second count, which is defective and bad under the view we take of the statute, this point of the case is precisely within the principle of the decision of Cullum v. The Branch Bank of Mobile, at this term.

There is no error in the record, and the judgment is affirmed.