## NUNN *vs.* MILLS.

[TROVER AGAINST CONSTABLE FOR TAKING HORSE EXEMPT FROM EXECUTION.]

1. *Instructions to jury properly confined to matters in issue.*—Where issue is joined on a defective replication, the defendant cannot, by a request for instructions to the jury, claim the benefit of the plaintiff's failure to prove a fact which, because not alleged in the replication, is outside of the issue.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. E. W. PETTUS.

E. P. JONES, for the appellant.

WALKER, J.—The appellee was the plaintiff, and the appellant the defendant, in an action for "wrongfully taking a gray horse." The defendant pleaded, in short by consent: "1st. Not guilty; 2d. That he levied on said horse by virtue of an attachment in favor of J. K. McCollum against said plaintiff, and that he was constable at the time." The plaintiff replied to the 2d plea as follows: "The plaintiff replies to the second plea, and says, that the above horse was a work horse, and the only one he had; and that he is a man of family, and claimed the same as exempt from execution under the statute in such cases made and provided; and plaintiff says, he is, and was at the time, a resident of the State, and the head of a family." The only matters brought to our view by the assignment of errors, are a charge given, and a charge refused by the court.

The charge given was, in effect, that if the plaintiff was a resident of the State at the time of the levy, and that defendant levied on and sold the horse of the plaintiff, and that plaintiff was a married man, with a wife and daughter living with him, in this State, and owned no other work horse, or mule, or pair of work oxen, at the time of the levy or sale; then they must find for the plaintiff. Conceding that making an affidavit, under sections 2465 and 2466 of the Code, was a fact necessary to give the plaintiff a right to a recovery in the suit, it by no means follows that the omission of that from

the statement of facts requisite to entitle the plaintiff to a verdict on the issues before the jury was erroneous. The parties went to trial upon the plea of not guilty, and a replication to the plea of justification. The replication does not aver that an affidavit was made. The defendant went to the jury upon that replication, and had no right to complain that the charge of the court did not impose upon the plaintiff the *onus* of proving a fact outside of the issue.' The jury were confined to the question of fact before them ; and a charge that, if the plaintiff proved all the facts which the issue imposed on·him, he was entitled to a verdict, was not erroneous. Upon the plea of not guilty, the plaintiff was not required to prove all the facts which the charge of the court imposed on him. Under the plea of not guilty, the charge was, therefore, not objectionable to the defendant.

The defendant asked the court to charge the jury, that the making of the affidavit was a fact without proof of which the plaintiff could not recover. This charge was properly refused, upon the state of the pleadings. The defendant had no right to ask a charge outside of the issue.

The sufficiency of the pleas, and of the replication, and the legality of the judgment rendered, are questions not presented by the assignment of errors.

Upon the questions decided in this opinion, see Cullum v. Bank, 4 Ala. 39 ; Upson v. Austin, 4 Ala. 128.

The judgment of the court below is affirmed.