# THE BOARD OF TRUSTEES OF THE ILLINOIS INDUSTRIAL UNIVERSITY

*v.*

# THE BOARD OF SUPERVISORS OF CHAMPAIGN COUNTY.

1. TAXATION—*Industrial University exempt from.* Lands held by the trustees of the Illinois Industrial University belong to and are under the control of the State, when it is disposed to exercise the power, and are therefore exempt from taxation, under the act of 1853, relating to revenue.

2. INDUSTRIAL UNIVERSITY—*State control of.* Although the State has created a body corporate to control the Illinois Industrial University, and its property and affairs, yet the State still retains the power of appointing its trustees, and may, through other agents than the trustees, sell and dispose of the property of the institution, or amend or repeal the charter, as public policy or the interest of the university may require.

APPEAL from the Circuit Court of Champaign county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an application for judgment against certain real estate of the Illinois Industrial University, for taxes.

The case was submitted and heard in the circuit court, upon the following agreed statement of facts: That the lands were assessed for the year 1870 in the sum of $228.52, State, county, road, bridge and school taxes; that the same remained unpaid; that legal notice of the application for judgment had been given; and that the lands had been returned by the collector as delinquent.

On the part of the defendants it was agreed, that the lands were a part of those referred to in section 12 of the act to

charter the Illinois Industrial University, and that they were conveyed to the university on the acceptance of the charter, and that since their conveyance, in 1867, the lands had been regularly rented, and the rents arising therefrom used as funds of the university for the payment of current expenses. The question submitted was, whether these lands were liable to be taxed for the year above named. The court below held that they were, and rendered judgment against the lands for $228.52, and for costs. The defendants appealed.

Messrs. CUNNINGHAM & WEBBER, for the appellants.

Mr. M. B. THOMPSON, State's Attorney, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This is an appeal from a judgment for taxes of 1870, assessed against lands belonging to appellants, and conveyed to them in consideration that the Industrial University should be located at Urbana, in this State. It is claimed that the title to these lands is in appellants, in trust, and that the institution and its property is under the control of the State, and is held in trust for the State; that, as it is the property of the State, it is exempt from taxation, and, being exempt, the judgment against the lands is erroneous, and should be reversed.

It is provided by section 3, article 9, of our constitution, that the property of the State, counties, etc., may be exempted from taxation; but such exemption shall be only by general law. And the third section of the revenue law of 1853 exempts real and personal property belonging to the State. (Laws of 1853, sec. 3, p. 5, 37.) And we have failed to find that this enactment has been subsequently changed, but still remains in full force.

The only question, then, presented by this record, is, whether this is the property of the State. If so, then it is exempt from taxation. To determine that question, we must turn to the act which brought this institution into existence.

Congress having donated a large amount of land scrip to the State, for the purpose of founding a university, and the board of supervisors of Champaign county having offered to donate a college edifice and a large quantity of land if the State would locate permanently the "Illinois Industrial University" at Urbana, in that county, the General Assembly, on the 28th day of February, 1867, created a body corporate to govern the fund and university. The trustees were to be appointed by the Governor, and to be confirmed by the Senate. They are styled "The Board of Trustees of the Illinois Industrial University," and perpetual succession was conferred upon them by that name, and to have power to contract and be contracted with, to sue and be sued, to plead and be impleaded, etc. They were required to permanently locate the institution at Urbana, and to provide the requisite buildings, apparatus and conveniences; to fix rates of tuition; to appoint professors, etc. But it is expressly provided that the trustees shall not, in the exercise of any of their powers, create any liability or indebtedness in excess of the funds in the hands of the treasurer.

The General Assembly, at each session since the organization of the institution, have made appropriations for the erection of buildings for the use of the university. At the session of 1871, an appropriation of $150,000 was made for building purposes, and various sums for the different departments of education in the university. And by section 3 of that act it is provided, that "for the construction of said buildings the trustees shall not obligate the State for the payment of any sum of money in excess of appropriations made for that purpose." (Sess. Laws, 1871–2, p. 143.) And other appropriations might be referred to as showing that the General Assembly regard, and have always regarded, this as a State institution.

The fund was donated to the State, in the first place, for the establishment and maintenance of an institution of learning, which this represents; and we fail to find the slightest

indication of an intention, on the part of the State, to part with either the ownership of the property or control of the institution. It is true, that the General Assembly have created a body corporate, as the most convenient mode of controlling the institution, its property and affairs; but it will be observed that the State retains the power of appointing its trustees, and, no doubt, has power, through agents other than the trustees, to sell and dispose of the property of the institution, or they may, at pleasure, amend or even repeal the charter, as public policy or the interest of the university may require.

It will be observed that the persons appointed for the government of the university are created and called trustees. They derive all of their powers from the State, and they act for and on behalf of the State; and the power which conferred authority on them to act, may withdraw or modify it at pleasure. Had the General Assembly intended that the property might be sold for any purpose, some language indicating such intention, no doubt, would have been employed.

In any view in which we have been able to consider the case, we have been irresistibly impelled to the conclusion that this real estate, although conveyed to the corporate body, belongs to and is under the entire control of the State, when disposed to exercise the power; and, being property of the State, we have seen the constitution authorizes its exemption from taxation, and the General Assembly has exempted it. As an irresistible conclusion it follows, that the judgment of the court below is erroneous, and it must be reversed.

*Judgment reversed.**

---

*ILLINOIS INDUSTRIAL UNIVERSITY *v.* THE PEOPLE, ETC.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This case, in all of its material facts, is similar to the case of *The Board of Trustees of the Illinois Industrial University* v. *The Board of Supervisors of Champaign County,* decided at the present term. We therefore deem it unnecessary again to state the reasons for reversing the judgment. That case controls this, and the judgment of the court below is reversed.

*Judgment reversed.*