## Trustees of Schools v. Joshua Arnold.

1. OFFICIAL BONDS—*When an Officer Succeeds Himself.*—If an officer succeeds himself, the second bond is liable for what he had in his hands at the end of the first term. The fact that he succeeds himself does not extend the obligation of the first bond, although no report was made at the close of the preceding term.

2. SAME—*Condition, When Satisfied.*—The obligation of an official bond is discharged on the payment by the officer to his successor and the faithful performance of the duties of his office.

3. HOMESTEADS - *Mortgages upon in 1865.*— Under a mortgage made in January, 1865, when a homestead was not an estate, a foreclosure and sale carried the fee to the purchaser, subject to the homestead right.

4. TRUSTEES OF SCHOOLS—*Right to Purchase at Foreclosure Sale.*— Under Sec. 35, Art. 3, Ch. 122, R. S., entitled "Schools," the trustees of schools have the right to buy in the premises at a sale made in proceedings to foreclose a mortgage taken by them thereon for school moneys loaned.

5. STATUTE OF LIMITATIONS—*Suits Against Township Treasurers for School Funds.*—The trustees of schools in an action against a township treasurer for the recovery of school funds are not barred by the statute of limitations.

6. SAME—*Where it Does Not Apply.*—Where the liability of the defendant is created, not merely by the act of the parties but by the positive requirements of a statute, the plaintiff is not barred by the statute of limitations.

7. SAME—*Funds Held in Trust.*—So long as the duties of a trustee remain undischarged, he can not avail himself of the statute of limitations for his defense to an action for the recovery of such funds, unless the trust is openly denied to the knowledge of the *cestui que trust.*

Debt on an official bond against the principal alone. In the Circuit Court of Fayette County; the Hon. JACOB FOUKE, Judge, presiding.

The pleadings are stated in the opinion of the court. Trial by the court and finding and judgment for defendant; error by plaintiff. Heard in this court at the August term, 1894. Reversed and remanded. Opinion filed March 23, 1895.

JOHN A. BINGHAM and WOOD BROTHERS, attorneys for plaintiffs in error.

J. G. WILLS and FARMER, BROWN & TURNER, attorneys for defendant in error.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This suit was brought against the defendant in error alone, on his official bond as school treasurer, executed December 6, 1863. There are five special counts in the declaration and also common counts in debt for money had and received.

The first special count merely alleges in general terms a failure to faithfully perform official duty; the second avers the execution of said bond at the time stated, and that defendant " has been from thenceforth hitherto, and during all said time continued in said office of school treasurer of said town, until April, 1888, having been re-appointed and qualifying, as prescribed by law, every two years thereafter; that during said time and all of said years, there came to the hands of said town treasurer large sums of money, arising from the various sources common to such funds, a large portion 'of which " stating the amounts defendant failed to account for and pay over; the third count avers a loss to the school fund, by reason of the failure of defendant to take sufficient security on a loan of $121, made January 26, 1865; the fourth and fifth counts assign various breaches, among others, a failure to pay over to his successor money, etc., which successor was appointed and qualified April 10, 1888.

This suit was brought to the September term, 1889. To the declaration entire the defendant filed various pleas, among others, the pleas of the statute of limitations of five

and sixteen years, and of tender of $35. A demurrer was sustained to the pleas of the statute and the case went to trial before the court on the other issues. After the evidence for the plaintiff was all introduced, the court, on the motion of defendant, set aside the former order sustaining said demurrer and re-instated said pleas, to which plaintiff excepted and stood by its demurrer, whereupon all the evidence except the bond was excluded, and the court gave judgment for the plaintiff on the plea of tender in the sum of $35.

The errors assigned and discussed relate wholly to the said order of the court, there being no oral evidence incorporated in the record.

The plaintiff in error insists the statute of limitations does not apply to this action, for the reasons, 1, that it is the agent of the State; 2, that *laches* is not imputable to it; 3, that the fund sought to be recovered is a trust fund; 4, that a public right is involved.

The defendant insists, 1st, that a private and not a public right is involved; 2d, that the statute runs against corporations such as the plaintiff; 3d, that at law, though the fund is held in trust, the statute applies. The respective views are ably presented, and it seems the law of limitations, as applicable to a suit on such a bond, is not regarded as settled in this State, as two circuit judges held in this case the statute did not apply, and one held that it did.

There is a feature of this case that has not been discussed.

The averment that defendant qualified, as required by law, every two years, on being re-appointed, is equivalent to an averment that he executed a new bond each term of office.

The bond then sued on covered defalcations for the period of two years, for which the defendant was appointed (Ladd v. Trustees, 80 Ill. 233), and no longer. Murfree on O. Bonds, Sec. 88. If an officer succeeds himself, the second bond is liable for what he had in his hands at the end of the first term. 78 Ill. 394. The accidental circumstance that he succeeds himself does not extend the obligation of the first bond.

Murfree on Official Bonds, Secs. 218, 219, 220. He is pre-
sumed to have the money on hand when the second bond is
executed. Id. 219; Brandt on Suretyship, Sec. 467; Kagy v.
Trustees of Schools, 68 Ill. 75. This is the law, though no
report was made at the close of preceding term 19. Ill. App.
24. The obligation of the bond itself was satisfied by pay-
ment to successor and faithful performance of the duties of
the office. Murfree, Sec. 88, and cases cited.

There is no specific averment in the declaration, except in
the third count; that charges a violation of the obligation of
such bond within the first two years, and that relates to the
making of a loan of $121 on a homestead without taking a
release of the homestead. It is averred that this sum and
the interest was lost thereby. It is, however, also there aver-
red the mortgage was foreclosed and the property bought
in by the trustees, or defendant for them, for the debt and
costs. The mortgage was made in January, 1865, when a
homestead was not an estate, and a foreclosure and sale car-
ried the fee to the purchaser, subject to the homestead right.
Young v. Graff, 28 Ill. 20; McDonald v. Crandall, 43 Ill.
231, 236. The trustees had the right to make this purchase.
Sec. 35, Art. 3, Chap. 122. Therefore, under the averments,
there was no loss as to that loan if the trustees recognized
such purchase.

The declaration in the special count seems to be framed
on the theory that the bond sued on December 6, 1863,
covered all defaults up to April 10, 1888, when defendant's
successor was appointed. This is not correct for the reasons
stated. The declaration, may, however, have been good
after judgment, to have been the basis for the recovery of
funds of any kind, permanent or distributive, that come to
defendant's hands.

There are averments to show that he received both kinds
of funds, and as defendant has treated the declaration as
sufficient to raise the question on the error assigned, we will
do so. Defendant's counsel concede the statute of limita-
tions can not be pleaded to bar a public right, a public fund,
or school funds strictly belonging to the State. We hold

the permanent fund is a State fund, under the authority of Greenleaf v. Township Trustees, 12 Ill. 237; City of Chicago v. People, 80 Ill. 384; People v. Trustees of Schools, 118 Ill. 52–54, wherein it is said, " The State is the real owner of the fund to be held in trust for the purposes of the grant." The other cases are equally explicit.    What is true of the principal, is also of the interest or profits of the same.    As is said in 80 Ill. *supra*, " The State is virtually a trustee of the fund for the use of the people, and the municipalities and officers are but the agencies employed by the State in executing the trust."    "Public school property and funds do virtually and in fact, although not in form, belong to the State."    See, also, Trustees v. Champaign County, 76 Ill. 184.

There is more difficulty to determine the proper rule of law to apply to the distributive fund.    The permanent fund is composed of the proceeds of the sale of section 16 and other funds, as provided by Sec. 6, Art. 12, Chap. 122, while the distributive fund is made up of the State or common school fund, money paid by the State—Secs. 1, 2, 3, Art. 12, Chap. 122; money raised by special tax on the district in the township—Sec. 1, Art. 8, Id., and interest on permanent fund—Sec. 6, Art. 12, and of fines and forfeitures belonging to the State, granted by law to the schools.    This fund entire, except that raised by taxes, is really owned by the State and distributed by it to sustain our common school system. The township trustees and treasurer are its agents for this purpose.

The law provides, Sec. 34, Art. 3, Id., " The township board shall cause all moneys for the use of the township and districts to be paid over to the township treasurer, who is hereby constituted and declared to be the only lawful depositary and custodian of all township and district school funds."    This language indicates the purpose to charge him with a specific trust.    It is not used with reference to any other involuntary corporate fund, so far as we are aware. It is a trust fund; so held in School Directors v. School Directors, 105 Ill. 653.    It is appropriated to a specific purpose by law and until so devoted there is no authority to

divert it.   In this sense it may be likened to public funds received by a county, to be paid over to a city; as in Logan County v. City of Lincoln, 81 Ill. 156, where it was held the statute of limitation did not apply, because the fund was, by law, appropriated to a specific public purpose, to be used by a named agency of the State, which public agency had not received the money, as provided by law; therefore a public right was involved.   The same principle was applied in Greenwood v. Town of La Salle, 137 Ill. 225.   There the town was held to be an agent to enforce a public right, so as to compel the payment of the fund to the agent authorized by public law to receive it.   The fact that when received, the town or city, as in the Logan county case, *supra*, could dispose of it to any one of various uses prescribed by law) did not make the right to enforce such payment a private right. These cases seem to hold a public right is involved in every step necessary to be taken to secure to any public agency a public fund appropriated to its use.   In the case in hand the school districts are the beneficiaries of the school fund, and it would seem, in view of the constitutional provision—Sec. 2, Art. 8—the trend and spirit of our school laws, the source from which a great part of the fund arises, that it was not intended the statute of limitations, applicable to any ordinary debt, should be applied to any part of such a trust fund (105 Ill. *supra*), until, as there held, it was paid out to the beneficiaries; for not until then, as in the Logan county case, has it reached its ultimate agent for appropriation,   The trustees, or the treasurer for them, held this school fund for the ultimate agent, the school directors, just as certainly as Logan county, in the course of the law, held the fund it received for the city of Lincoln. The fact that one agent held the fund under the law, longer than the other, is immaterial as affecting the principle that a public right is involved, until the ultimate agent, authorized to appropriate it, receives it.

This doctrine, as we understand, rests upon the principle that has long been established, that " where the liability of the defendant is created, not merely by the act of the par-

ties, but by the positive requirements of a statute, the plaintiff is not barred" by the statute of limitations. Angell on Limitations, Sec. 2, p. 83; Wood on L., Sec. 3, p. 85; Burwell on Limitations, Sec. 148. It is said by Mr. Justice Story, "The whole theory and practice of political and civil obligations rests upon this principle." Angell on L., p. 84. It will be observed the township treasurer holds the distributive fund intact. Sec. 7, Art. 12, Chap. 122; Sec. 34, Art. 5, Id.; Sec. 27, Art. 3, Id. He can not loan any of such fund, except there is a surplus belonging to a school district, and then only on the order of the directors. Sec. 5, Art. 4, Id. The law prescribes (Sec. 2, Art. 4, Id.) how he shall separately keep an account of each fund. The statute does not give the trustees power to appropriate any part of such fund. They apportion the fund subject to distribution (Sec. 24, Art. 3) and examine securities (Sec. 30, Id.) and have care, custody and title to school houses and school house sites, which, of course, is held in trust. The liability of the defendant is clearly created by statute with reference to a specific fund, which is no broader than the liability of the bond within the time of its official life. Glover v. Wilson, 6 Penn. St. 290. This distributive fund is, as stated, except the money raised by taxation on the property of the school district, in fact, though not in form, the fund of the State, and, therefore, in a suit to recover it, the principle of *nullum tempus occurit regi* would apply, Catlet v. People, 151 Ill., p. 23; to the residue, raised by taxation, the principle laid down in Angell on Limitations, and Logan county case, *supra,* would apply, or that of School Directors v. School Directors, 105 Ill., *supra,* that it is distinctly a trust fund created by appointment of law, in which case, as said in Albrecht, Adm'r, v. Wolf, Adm'x, 58 Ill., at p. 190, " The rule seems to be general and well settled by authority that so long as the duties of the trustee remain undischarged, the trustee can not avail of the statute of limitations for his defense," unless the trust is openly denied to the knowledge of the *cestui que trust.*

In the case of State ex rel. v. Board Comm'rs of St. Joseph County, 90 Ind. 359, the principle that all such fund—

the common, congressional, and that raised by taxation—is a trust fund, was applied to bar the running of the statute of limitations. Our Supreme Court has held the title to the congressional school fund was in the State, going further than the Indiana court, which held the title was in the township, in trust for the inhabitants. State v. Newton, 5 Blackf. 455; State v. Springfield Township, 6 Ind. 94, 95. That State has not held, however, as indicated in Miller v. State, 28 Ala. 600, that the statute of limitations will apply to such fund, because, as there held, the title was originally in the State in trust, and the State, by executing the trust by conveyance to the inhabitants, had divested itself of all interest.

No distinction has been made between a suit on the bond and a suit on a statutory liability, and we do not assume there is any, under the pleadings, in an action against the treasurer only. This court holds that, as to any school fund in the hands of the treasurer, the pleas of the statute of limitations were not well pleaded, and the court erred in setting aside the former order sustaining a demurrer thereto. The judgment is reversed and the cause remanded.