PROCTOR *v.* WARDEN, MARYLAND PENITENTIARY

No. 77–5898.   Decided April 17, 1978

PER CURIAM.

A Federal District Court entered a final order denying the petitioner habeas corpus relief.   Under federal law the petitioner had a statutory right to appellate review of that decision.   28 U. S. C. § 2253.   Because it appears that effective appellate review may not have been accorded in this case, the writ of certiorari is granted, and the case is remanded to the Court of Appeals for the Fourth Circuit.

The petitioner pleaded guilty to narcotics and firearms violations in the Criminal Court of Baltimore City and was sentenced to a term of 20 years in the Maryland state penitentiary.   In 1975, after exhausting state post-conviction remedies, he filed a petition for a writ of habeas corpus in the United States District Court for the District of Maryland, alleging that several specific constitutional violations had occurred in the state prosecution.   The District Court dismissed the petition without an evidentiary hearing.   The petitioner, *pro se*, took an appeal to the Court of Appeals, which affirmed the order of the District Court in the following language:

"PER CURIAM:

"A review of the record and of the district court's opinion discloses that this appeal from the order of the district

court denying relief under 42 U. S. C. § 1983 is without merit. Accordingly, the order is affirmed for the reasons stated by the district court. *Blizzard v. Mahan,* C/A No. 76–0117–CRT (E. D. N. C., Sept. 13, 1976).

*"AFFIRMED."*

Clearly, this *per curiam* order has nothing whatsoever to do with the petitioner's case. He had filed a petition for a writ of habeas corpus, not a civil rights action under 42 U. S. C. § 1983. He had sought relief in a federal court in Maryland, not one in North Carolina. The case of *Blizzard* v. *Mahan,* in short, is wholly unrelated to the petitioner's case.*

It may be that the petitioner's contentions are wholly frivolous. But it is not enough that a just result may have been reached. "[T]o perform its high function in the best way 'justice must satisfy the appearance of justice.' *Offutt* v. *United States,* 348 U. S. 11, 14." *In re Murchison,* 349 U. S. 133, 136 (1955); cf. *In re Gault,* 387 U. S. 1, 26 (1967). Accordingly, in the exercise of our power to "require such further proceedings to be had as may be just under the circumstances," 28 U. S. C. § 2106, we grant the motion for leave to proceed *in forma pauperis* and the petition for certiorari, vacate the judgment of the Court of Appeals, and remand this case to it for further consideration.

*It is so ordered.*

---

*The petition for certiorari in No. 77–939, *Blizzard* v. *Mahan* (denied, *post,* p. 951), shows that the Court of Appeals' *per curiam* order in that case (filed on the same day as the order in the present case) is identical to the one quoted in the text above.