(No. 50870.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant-Appellee, v. CHICAGO TITLE AND TRUST COMPANY *et al.*, Appellees-Appellants.

*Opinion filed April 3, 1979.—Rehearing denied May 30, 1979.*

480

482

CLARK, J., took no part.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., Deputy State's Attorney and Henry A. Hauser, Nancy Kraject, and Michael F. Baccash, Assistant State's Attorneys, of counsel), for the People.

Concannon, Dillon, Snook & Morton, of Chicago (William R. Dillon and John B. Dillon, of counsel), for

484

appellee Chicago Title & Trust Co.

Chapman & Cutler, of Chicago (Keehn Landis and Richard G. Smolev, of counsel), for appellee Harris Trust and Savings Bank.

Jenner & Block, of Chicago (Richard T. Franch and William C. Staszak, of counsel), for appellee Cosmopolitan National Bank of Chicago.

Friedman & Koven and Feiwell, Galper & Lasky, Ltd. (James K. Gardner and Daniel C. Meenan, Jr., of counsel), all of Chicago, for appellee American National Bank & Trust Co.

Stanley J. Adelman, of Sonnenschein, Carlin, Nath & Rosenthal and Bowles & Ward (Clyde O. Bowles, Jr., of counsel), all of Chicago, for appellee La Salle National Bank.

Peter V. Baugher, of Schiff, Hardin & Waite; Morris G. Dyner, of Fischel & Kahn; Alan S. Rutkoff, of Altheimer & Gray; and Richard T. Wimmer, of Collins & Amos, all of Chicago, for appellee land trust beneficiaries.

Bernard Allen Fried, Jack Du Bow, and Jerome Feldman, of Chicago, for other appellee land trust beneficiaries.

William H. Avery, George A. Platz, and Sidley & Austin, of Chicago, for *amici curiae* Corporate Fiduciaries Association of Illinois *et al.*

MR. JUSTICE RYAN delivered the opinion of the court:

This case is a consolidation of six separate actions brought in the name of the People of the State of Illinois to recover unpaid real estate taxes on land held in land trusts. The State seeks to impose personal liability for the

real estate taxes on three entities: the banks or trust companies in their individual corporate capacities; the banks or trust companies in their capacities as land trustees of land trust property, and the beneficiaries of the land trust, all as "owners" of the tracts of land trust property. The trial court found the trustees in their individual corporate capacities liable and dismissed the cases as to the banks and trust companies as trustees and as to the beneficiaries. Appeals were perfected by the various losing parties. This court granted motions for direct appeal to this court under Rule 302(b) (58 Ill. 2d R. 302(b)).

The Revenue Act of 1939, section 27a (Ill. Rev. Stat. 1977, ch. 120, par. 508a), imposes liability on the "owner" of real estate for unpaid taxes on that land. It provides:

> "The owner of real property on January 1 *** in any year shall be liable for the taxes of that year."

Section 275 of the Act (Ill. Rev. Stat. 1977, ch. 120, par. 756) authorizes suit by the county board in the name of the People of the State of Illinois to recover the unpaid taxes on forfeited property. The question posed in these cases is who is the owner of real estate held in a land trust against whom suit may be brought.

The factual bases of these six appeals are nearly identical. A land trust was created by execution of a deed in trust transferring all legal and equitable title to a trustee. The deed specifically provides that one dealing with the trustee need not inquire about the trust agreement and stipulates that the interest of the beneficiary is personal property. The deed was recorded. A second document, the trust agreement, was simultaneously executed, though not recorded. That agreement recites that all legal and equitable title remains with the trustee with an assignable personal property interest in the beneficiary. The beneficiary retains absolute control of the management and receives all the proceeds of the property. Under the

agreement, all money advanced by the trustee must be paid by the beneficiary, and the trustee is not required to pay any taxes or assessments. The beneficiary may order the land sold at any time, and the trustee may not act except on written authorization of the beneficiary.

In each of these cases a complaint was filed against the trustee in its individual capacity, and was subsequently amended to add as defendants the trustee as trustee and the beneficiaries of the land trust. Prior to this action, the parcels had been listed on the county collector's application for judgment and sale for delinquent taxes, the Cook County circuit court had ordered the real estate sold, and it was offered for sale. The real estate was not purchased and was forfeited to the State. (Ill. Rev. Stat. 1977, ch. 120, par. 727.) By this complaint the State seeks to impose personal liability under sections 27a and 275 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, pars. 508a, 756) for the unpaid real estate taxes on the "owners" of the land held in the land trusts. The complaint alleges that the three classes of defendants were owners of the real estate on which taxes were unpaid. The State alleges that each defendant is an owner under the statute and is therefore liable for the unpaid taxes.

The trial court dismissed the complaints against the beneficiaries and trustees as trustees. The court, however, ruled that the trustees in their individual capacities were the owners under section 27a and refused to dismiss those defendants. In each instance the trial court entered appropriate orders finding no reason to delay an appeal. We have consolidated these cases and allowed a direct appeal under Rule 302(b).

Normally, the entire tax liability for real estate would be met through a judgment and sale of the property. These cases have arisen however, because, for an increasing number of inner-city parcels, the marketable price is well below the outstanding tax bills. (See Lawlor, *Real Prop-*

*erty Tax Delinquency and the Rehabilitation of Multi-Family Housing Stock in Chicago, Illinois: The Role of the Collection Provisions of the Illinois Revenue Act*, 26 De Paul L. Rev. 1 (1976).) There simply are no buyers willing to pay the taxes in order to obtain the property. As a consequence, the property has been forfeited to the State and the tax bills remain unpaid. Though available for more than 100 years (compare 1872 Ill. Laws 18, sec. 59, and 1872 Ill. Laws 55, sec. 230, with Ill. Rev. Stat. 1977, ch. 120, par. 508a, and Ill. Rev. Stat. 1977, ch. 120, par. 756), these provisions for the enforcement of personal iiability are being utilized against land trusts for the first time in these cases.

The Illinois land trust is a unique creation of the Illinois bar, though its acceptance elsewhere has received a great deal of attention. (See Arntson, *The Virginia Land Trust—An Overlooked Title Holding Device for Investment, Business and Estate Planning Purposes*, 30 Wash. & Lee L. Rev. 73 (1973); McKillop, *The Illinois Land Trust in Florida,* 13 U. Fla. L. Rev. 173 (1960); Comment, *The Illinois Land Trust and Nebraska Law,* 47 Neb. L. Rev. 101 (1968); Note, *Land Trusts in New York,* 37 St. John's L. Rev. 123 (1962).) Its origin is rooted in case law rather than statute. (See *Schumann-Heink v. Flosom* (1927), 328 Ill. 321; *Hart v. Seymour* (1893), 147 Ill. 598; Garrett, *Land Trusts,* 1955 U. Ill. L.F. 655, 656-59.) The land trust has, over the years, served as a useful vehicle in real estate transactions for maintaining secrecy of ownership and allowing ease of transfer. Despite recent disclosure statutes, *e.g.,* "An Act relating to disclosure of beneficiaries of land trusts and owners of property allegedly violating building laws," section 1 (Ill. Rev. Stat. 1977, ch. 80, par. 81), and "An Act to require disclosure *** of all beneficial interests in real property held in a land trust ***," section 2 (Ill. Rev. Stat. 1977, ch. 148, par. 72), the land trust remains a widely utilized and useful device. See H. Kenoe,

*Kenoe on Land Trusts* (Ill. Inst. Cont'g Legal Educ. 1976).

In a land trust the legal and equitable title lies with the trustee and the beneficiary retains what is referred to as a personal property interest. (*Chicago Federal Savings & Loan Association v. Cacciatore* (1962), 25 Ill. 2d 535, 543.) It is important to note, however, that though referred to as personal property, most of the usual attributes of real property ownership are retained by the beneficiary under the trust agreement. In fact, the only attribute of ownership ascribed to the trustee is that relating to title, upon which third parties may rely in transactions where title to the real estate is of primary importance. A third party, even the State, may generally rely on the title of the trustee in such cases. *Keessen v. Zarattini* (1969), 119 Ill. App. 2d 284, 293; see also *First Lien Co. v. Marquette National Bank* (1973), 56 Ill. 2d 132.

For example, in *Chicago Federal Savings & Loan Association v. Cacciatore* (1962), 25 Ill. 2d 535, a second mortgage was issued on real estate held in a land trust. Prior to the drawing of that mortgage, a Federal tax lien for unpaid income taxes had been issued against the beneficiary of the property held by the land trust. The Federal government asserted that its tax lien had priority over the mortgage. This court held that the mortgagee could rely on the title and his lien had priority. The primary concern in establishing priority of liens is the title. Similarly, in *First Lien Co. v. Marquette National Bank* (1973), 56 Ill. 2d 132, the plaintiff sought the issuance of a tax deed. The primary concern in the issuance of a tax deed is the transfer of title. A procedure which gave notice to the titleholder was, accordingly, approved under the statute. Ownership has been imputed to the land trust trustee in other instances where title is the primary concern. (See, *e.g., Marshall v. Solomon* (1948), 335 Ill. App. 302, 309 (mortgage foreclosure need not include

beneficiary).) The trustee may, of course, on direction, represent the property, but where the primary issue involves ownership rather than title (*cf. Chicago Federal Savings & Loan Association v. Cacciatore* (1962), 25 Ill. 2d 535), reliance on bare legal title would be inappropriate.

The term "owner," as applied to land, has no fixed meaning applicable under all circumstances and as to any and every enactment. (See Keesling, *Conflicting Conceptions of Ownership in Taxation,* 44 Cal. L. Rev. 866 (1956).) It usually denotes a fee simple estate, but in Illinois it may include "one who has the usufruct, control or occupation of land with a claim of ownership, whether his interest be an absolute fee or a less estate." (*Coombs v. People* (1902), 198 Ill. 586, 588.) Title to property does not necessarily involve ownership of the property. Title refers only to a legal relationship to the land, while ownership is comparable to control and denotes an interest in the real estate other than that of holding title thereto. Restatement (Second) of Trusts sec. 2, comment *d,* and sec. 10, comment *a* (1959).

The key elements of ownership are control and the right to enjoy the benefits of the property. This is especially true in tax law, where the taxpayer pays "a portion of the expense incurred in the protection of his person or property ***." (*French Republic v. Board of Supervisors* (1923), 200 Ky. 18, 22, 252 S.W. 124, 125; 72 Am. Jur. 2d *State and Local Taxation* sec. 836 (1974).) It is a generally accepted principle that taxes are imposed for benefits received. Thus, where the trust beneficiary is the recipient of all the benefits of the property and controls the management of the property, he is the party most benefited by the ends of taxation, regardless of who holds the title. Revenue collection is not concerned with the "refinements of title"; it is concerned with the realities of ownership.

The Federal income tax statute has faced the problem

of ownership and concluded that mere title is not sufficient for taxation. In *Corliss v. Bowers* (1930), 281 U.S. 376, 74 L. Ed. 916, 50 S. Ct. 336, the Supreme Court held that a revocable trust created by a husband for his wife with a remainder to his children did not remove income tax liability from the husband. As the court concluded, "taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed—the actual benefit for which the tax is paid." (281 U.S. 376, 378, 74 L. Ed. 916, 917, 50 S. Ct. 336.) Similarly, in *Curry v. McCanless* (1939), 307 U.S. 357, 83 L. Ed. 1339, 59 S. Ct. 900, the court noted that whether an item was a source of "actual or potential wealth" was "an appropriate measure of any tax imposed on ownership." (307 U.S. 357, 366, 83 L. Ed. 1339, 1347, 59 S. Ct. 900, 905.) Finally, in *Commissioner v. Clifford* (1940), 309 U.S. 331, 84 L. Ed. 788, 60 S. Ct. 554, the court held that a trust created for the grantor's wife did not affect ownership, though it vested title in the trustee. As the court aptly concluded, "It is hard to imagine that respondent felt himself the poorer after this trust had been executed or, if he did, that it had any rational foundation in fact." 309 U.S. 331, 336, 84 L. Ed. 788, 792, 60 S. Ct. 554, 557.

The Federal tax statute, as amended in 1954, adopted the Supreme Court's "control" definition of ownership. (26 U.S.C. secs. 671 to 678 (1978).) The statute now explicitly considers the realities of control rather than the technicalities of title. Recently the United States Supreme Court again emphasized its long held position that "[t]he Court has never regarded 'the simple expedient of drawing up papers' [citation] as controlling for tax purposes when the objective economic realities are to the contrary." (*Frank Lyon Co. v. United States* (1978), 435 U.S. 559, 573, 55 L. Ed. 2d 550, 560, 98 S. Ct. 1291, 1298.) Judge Cardozo stated: " 'Taxation is a hard fact' [citation], and,

for the determination of its incidence, the realities of 'actual and practical ownership' [citation] must count for more in any just system than the style or label of estates." (*People ex rel. Clark v. Gilchrist* (1926), 243 N.Y. 173, 181, 153 N.E. 39, 41.) When all of the benefits of ownership flow to a particular person, that person is the owner for tax purposes. Complete control is, under the Federal tax statutes, taxable ownership.

Similar to the Federal approach, Illinois taxation also looks to the realities of control rather than the refinements of title. In *Board of Trustees v. Board of Supervisors* (1875), 76 Ill. 184, this court found that though property had been transferred to a corporate body in order to operate a university, that body was not taxable because the property remained under the control of the State. The court looked through the trustees' title to the elements of control exercised by the State. As was there stated:

"It will be observed that the persons appointed for the government of the university are created and called trustees. They derive all of their powers from the State, and they act for and on behalf of the State; and the power which conferred authority on them to act, may withdraw or modify it at pleasure." 76 Ill. 184, 187.

In *Montgomery v. Wyman* (1889), 130 Ill. 17, another university case, it was noted that though legal title may be held by a trustee, the property would still be "property of the institution of learning" for the purpose of tax exemption. In *Hood v. Commonwealth Trust & Savings Bank* (1941), 376 Ill. 413, the court concluded that one should look beyond the bank books and certificates to determine the "real" owners of stock in an insolvent bank. 376 Ill. 413, 425-26.

In *Forman Realty Corp. v. Brenza* (1957), 11 Ill. 2d 531, this court was faced with determining ultimate liability for real estate taxes. A series of complicated

corporate reorganizations obscured the actual ownership, though at all relevant times City National Bank and Trust Company held title to the property in a land trust. As this court noted:

> "From the foregoing factual situation it seems readily apparent that at all times here in issue Forman Realty Trust and its *alter ego,* Forman Realty Corporation [both beneficiaries of the City National Bank and Trust Company land trust], or their wholly-owned subsidiary building corporations, have been the legal owners of the parcels of property in question and primarily liable for payment of tax impositions against such property." (11 Ill. 2d 531, 537.)

Taken together, these cases indicate a clear policy of the tax statute to look beyond the mere holder of title for a determination of ownership. While title may be a factor in determining ownership it is not decisive. Of far greater importance is control of the property and the right to its benefits.

In examining a land trust it is apparent that true ownership lies with the beneficiaries though title lies with the trustee. The trustee derives all of his power from the beneficiary and acts solely on the beneficiary's behalf. The beneficiary may withdraw or modify the trustee's authority at any time. (*Cf. Board of Trustees v. Board of Supervisors* (1875), 76 Ill. 184, 186-87.) Indeed, there is not a single attribute of ownership, except title, which does not rest in the beneficiary. The rights of creation, modification, management, income and termination all belong to the beneficiary. (*Cf. Wendt v. Myers* (1974), 59 Ill. 2d 246, 253.) In reality the transfer to the trustee is a formality involving a shifting of legal documents. The land trust is, in fact, a fiction which has become entrenched in the law of this State and accepted as a useful instrument in the handling of real estate transactions. Outside of

relationships *based on legal title,* the trustees' title has little significance. Particularly in tax law, the realities of ownership are far more important than the technicalities of transfer. In other branches of law, where control is the best indicia of ownership, appellate courts have found the beneficiaries to be owners. See, *e.g., Dunlop v. McAtee* (1975), 31 Ill. App. 3d 56, 59 (mechanics lien); *Robinson v. Walker* (1965), 63 Ill. App. 2d 204 (dramshop); *Brazowski v. Chicago Title & Trust Co.* (1935), 280 Ill. App. 293 (tort liability).

The words of a statute must be read in light of the purposes it seeks to serve. (*Deere v. Chapman* (1861), 25 Ill. 498, 500; *Woodward Governor Co. v. City of Loves Park* (1948), 335 Ill. App. 528, 535.) In addition, words must be read to reach a common-sense result. (*Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 575.) The statute here in question is a revenue statute. A revenue statute has as its foundation the collection of taxes for benefits to be received. In light of that goal it would be incongruous to read the term "owner" in section 27a as meaning "titleholder" when the land trust titleholder has no control over the land and receives no benefits of the tax or of ownership. A common-sense definition of "owner" as used in a tax statute must encompass the beneficiary of a land trust, because that beneficiary controls the purchase, sale, rental, management and all other aspects of land ownership. The titleholding trustee may act only on the beneficiaries' written direction. As noted above, Federal tax law has long recognized that an owner need not be a titleholder, and Illinois tax law has long recognized that ownership may be separated from title. These holdings cannot be ignored in interpreting "owner" as used in section 27a (Ill. Rev. Stat. 1977, ch. 120, par. 508a). The realities of ownership clearly indicate that a land trust beneficiary is an owner for the purpose of that section. Being an owner under that

section, the beneficiary is personally liable for unpaid real estate taxes, and the State may seek to enforce that liability under section 275 (Ill. Rev. Stat. 1977, ch. 120, par. 756).

Accordingly, the judgments of the circuit court are affirmed as to the trustees in their representative capacities, reversed as to the trustees as individuals, and reversed as to the beneficiaries. The cause is remanded to the circuit court of Cook County for further proceedings consistent with this opinion.

*Affirmed in part and reversed
in part and remanded.*

MR. JUSTICE CLARK took no part in the consideration or decision of this case.