# Illinois Official Reports

## Appellate Court

---

### *FirstMerit Bank, N.A. v. Soltys*, 2015 IL App (1st) 140100

---

| | |
|---|---|
| Appellate Court Caption | FIRSTMERIT BANK, N.A., as Successor in Interest to George Washington Savings Bank, Plaintiff-Appellant, v. JANEK SOLTYS, a/k/a Jan Soltys, Solely in His Capacity as Trustee of the Wigupen Revocable Trust, the Bogebert Revocable Trust, and the Daseby Revocable Trust, Defendants-Appellees (John Does 1 Through 5, Individually and in Their Capacity as the Trustees of the Wigupen Revocable Trust, the Bogebert Revocable Trust, and the Daseby Revocable Trust, Defendants). |
| District & No. | First District, Third Division <br> Docket No. 1-14-0100 |
| Filed | March 11, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-L-4625; the Hon. Raymond Mitchell, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | FactorLaw, of Chicago (Jeffrey K. Paulsen, of counsel), for appellant. <br><br> Law Offices of John E. Brennock, of Chicago (John E. Brennock, of counsel), for appellees. |

| Panel | PRESIDING JUSTICE PUCINSKI delivered the judgment of the court, with opinion. |
|---|---|
| | Justices Lavin and Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1     In this case we address a plaintiff creditor's claim that it can attempt to satisfy a debt discharged in bankruptcy from property transferred by the debtor to land trusts under the exception for fraudulent transfers to third parties. We hold that Illinois land trusts are merely a vehicle for property ownership where the beneficiary retains control and are not "third party" entities for purposes of the "fraudulent transfer to third parties" exceptions to bankruptcy discharge.

¶ 2                                        BACKGROUND

¶ 3     On July 3, 2008, Janek Soltys entered into a $1.1 million construction loan agreement with plaintiff's predecessor, George Washington Savings Bank. In connection with the loan, Soltys executed a construction mortgage in favor of George Washington Savings Bank on the property located at 4838 N. Oakley, Chicago, Illinois (Oakley property), a promissory note, and an assignment of rents.

¶ 4     Soltys also owned nine other parcels of real estate in Chicago, Illinois, at the time he obtained this loan: (1) 2935 N. Damen; (2) 3441 N. Seeley; (3) 1712 W. Byron; (4) 3649 N. Bosworth; (5) 1430 W. George; (6) 2124 W. Berteau; (7) 2446 W. Wilson; (8) 2431 W. Gunnison; and (9) 2017 W. Pensacola. On May 4, 2009, Soltys conveyed these nine other properties into three land trusts, the Wigupen Revocable Trust (Wigupen Trust), holding the Wilson, Gunnison, and Pensacola properties, the Bogebert Revocable Trust (Bogebert Trust), holding the Bosworth, George, and Berteau properties, and the Daseby Revocable Trust (Daseby Trust), holding the Damen, Seeley, and Byron properties. Each transfer was by quitclaim deed from Soltys to the applicable trust, and each deed was signed by Soltys on behalf of both the grantor and grantee. Copies of the individual trust documents are not in the record, but according to Soltys's motion and supporting affidavit, Soltys is both the trustee and the beneficiary of all three land trusts. Plaintiff did not file any counteraffidavit or point to any other evidence to dispute this fact. Plaintiff's complaint affirmatively alleges that Soltys "retained control of the properties after the transfers."

¶ 5     The maturity date of Soltys's loan on the Oakley property was July 1, 2009. Soltys defaulted on the loan. On July 19, 2010 plaintiff, FirstMerit Bank, as successor in interest to George Washington Savings Bank, filed a foreclosure action to collect on the promissory note. A judgment of foreclosure and sale was entered on August 20, 2011 and the Oakley property was sold on October 18, 2011 for $950,000. The foreclosure court confirmed the sale on December 15, 2011, entering a deficiency judgment against Soltys in the amount of $394,839.43.

¶ 6     On May 7, 2012, Soltys filed for chapter 7 bankruptcy. Soltys disclosed his ownership interests in the properties held in trust in the Wigupen Trust, Bogebert Trust, and Daseby Trust in his chapter 7 bankruptcy petition as his personal property. Soltys also listed all his

creditors in the schedules with the bankruptcy petition, including plaintiff as an unsecured creditor based on the deficiency judgment against him. The deadline for creditors to file a claim or object to the discharge was August 12, 2012. The bankruptcy trustee determined that there was insufficient equity in the properties to administer on behalf of the bankruptcy estate and filed no asset report. On August 22, 2014, Soltys obtained an order of discharge and the bankruptcy case was terminated on August 27, 2012.

¶ 7    Plaintiff received notice of Soltys's bankruptcy filing but did not file a claim in the bankruptcy case and did not object to or challenge Soltys's discharge of its debts by the August 21, 2012 bankruptcy deadline. There is no indication either from plaintiff or in the record as to why plaintiff did not timely file an adversary claim to object to the discharge of its deficiency judgment against Soltys.

¶ 8    On May 3, 2013, plaintiff filed this lawsuit against Soltys, as trustee of the trusts, alleging a violation of the Illinois Uniform Fraudulent Transfer Act (740 ILCS 160/5(a), 6 (West 2012)). On August 26, 2014, Soltys filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2012)). Soltys moved for and was granted a substitution of judge.

¶ 9    On December 9, 2013 the circuit court entered an order granting Soltys's section 2-619 motion to dismiss and stating that the order was a final order disposing of the case in its entirety. The circuit court found that Soltys was not attempting to hide the trust properties and accurately listed these properties in his bankruptcy petition. The court also found that the properties were transferred into land trusts in which Soltys was the trustee and beneficiary. The court ruled that, as the beneficiary of the land trusts, Soltys should be treated as the true owner of the trust properties and that since land trusts are not another party, plaintiff cannot attempt to extract the discharged debt from the land trusts. Plaintiff appealed.

¶ 10                                  ANALYSIS

¶ 11    The trial court dismissed plaintiff's complaint pursuant to section 2-619(a)(9) of the Code, which is for dismissal based on "other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2012). "The purpose of a section 2-619 motion to dismiss is to dispose of a case on the basis of issues of law or easily proved issues of fact." *Hertel v. Sullivan*, 261 Ill. App. 3d 156, 160 (1994). A motion to dismiss under section 2-619 of the Code admits the legal sufficiency of a plaintiff's claim but asserts certain defects or defenses outside the pleading that defeat the claim. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006). If the affirmative matter asserted is not apparent on the face of the complaint, the litigant is required to support the motion with an affidavit. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). The burden then shifts to the other party to provide a counteraffidavit or other proof that the defense is unfounded or requires resolution of an essential material fact. *Hodge*, 156 Ill. 2d at 116. Soltys supported his motion with an affidavit. Plaintiff did not file any counteraffidavits or provide any other proof in response.

¶ 12    Plaintiff argues the court erred in granting Soltys's motion to dismiss where there are disputed issues of fact. Plaintiff also argues: (1) that it was error for the court to consider Soltys's intent; (2) that the court's ruling was based on erroneous factual findings; (3) that the court erred in dismissing the complaint when the complaint alleged a dispute as to Soltys's intent, and (4) that intent must be proven to establish fraudulent transfer.

¶ 13    But the complaint was dismissed under section 2-619(a)(6) upon the ground "[t]hat the claim set forth in the plaintiff's pleading has been released, satisfied of record, or discharged in bankruptcy" (735 ILCS 5/2-619(a)(6) (West 2012)), not as a summary judgment motion or a motion to dismiss for failure to state a claim. Even taking the allegations in the complaint as true that there is a dispute as to Soltys's intent, the only relevant issue in this appeal is whether this action is barred by Soltys's bankruptcy discharge, which is a legal issue. Whether the trial court erred in dismissing the complaint as barred by affirmative matter is a question of law that we review *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011). Also, we can affirm a section 2-619 dismissal on any proper basis supported by the record. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004) (noting, on review of section 2-619 motion, that the court "can affirm *** on any basis present in the record").

¶ 14    The relevant facts as to the "other affirmative matter avoiding the legal effect of or defeating the claim" are not in dispute. It is undisputed that Soltys listed plaintiff as a creditor in his bankruptcy petition based on the deficiency judgment, that plaintiff received notice of Soltys's bankruptcy, and that plaintiff did not timely file an adversary complaint for its alleged claim against Soltys for fraudulent transfer in bankruptcy court.

¶ 15    Section 524 of the United States Bankruptcy Code (Bankruptcy Code) (11 U.S.C. § 524 (2012)) sets forth the effects of discharge under a chapter 7 bankruptcy. Section 524 of the Bankruptcy Code provides that a discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor," and acts "as an injunction against the commencement or continuation of an action *** to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(1)-(2) (2012). All legal or equitable property interests as of the commencement of the bankruptcy case become property of the bankruptcy estate, unless otherwise excluded. 11 U.S.C. § 541(a)(1) (2012).

¶ 16    Under Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (Fed. R. Bankr. P. 4007(c)), in bankruptcy proceedings the deadline for filing a complaint to determine the dischargeability of a debt is 60 days after the meeting of creditors. In Soltys's bankruptcy case, that deadline was August 12, 2012. Plaintiff does not dispute that it received notice of Soltys's bankruptcy and did not file an adversary complaint by August 12, 2012. Soltys received a discharge in bankruptcy on August 22, 2012. Under section 524(a) of the Bankruptcy Code, the discharge voided plaintiff's personal liability for the deficiency judgment and barred plaintiff from instituting or maintaining an action against Soltys for that debt.

¶ 17    Section 524 of the Bankruptcy Code provides, however, that "[e]xcept as provided in subsection (a)(3) of this section [dealing with claims against community property], discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e) (2012). A discharge of a debtor's personal liability for a judgment debt in a chapter 7 bankruptcy does not affect a creditor's right to impose a lien against property fraudulently conveyed to nondebtor third parties. *Casey National Bank v. Roan*, 282 Ill. App. 3d 55, 63 (1996).

¶ 18    Plaintiff argues that the trusts set up by Soltys are third-party recipients of Soltys's fraudulent transfers of the property, against whom plaintiff can maintain its action. Plaintiff

disputes that Soltys's trusts are indeed "land trusts" and argues that the trusts are third parties, even though Soltys is the executor, the trustee, and the sole beneficiary with exclusive control.

¶ 19   We first clarify that transferring real property to a trust where a trustee holds legal title indeed creates a land trust. "An Illinois land trust is an arrangement under which legal and equitable title to real property is held by a trustee and the interest of the beneficiary is personal property." *Patrick v. Village Management*, 129 Ill. App. 3d 936, 939 (1984) (citing *Wachta v. First Federal Savings & Loan Ass'n of Waukegan*, 103 Ill. App. 3d 174, 176 (1981)). "The Illinois land trust is a device by which real property is conveyed to a trustee under an arrangement reserving to the beneficiary the full management and control of the property." *IMM Acceptance Corp. v. First National Bank & Trust Co. of Evanston*, 148 Ill. App. 3d 949, 954 (1986) (citing *Robinson v. Chicago National Bank*, 32 Ill. App. 2d 55, 58 (1961)). The Illinois land trust primarily serves "as a useful vehicle in real estate transactions for maintaining secrecy of ownership and allowing ease of transfer." *People v. Chicago Title & Trust Co.*, 75 Ill. 2d 479, 487 (1979).

¶ 20   Plaintiff cites to no authority for its argument that the trusts in this case are not land trusts. Plaintiff argues that "Soltys's attorneys referred to the Trusts as both land trusts and self-settled revocable trusts" but that Soltys's affidavit "did not provide any support for either characterization, and there were no supporting trust or other documents attached to the motion." Although we do not have copies of the trust agreements, in Soltys's affidavit in support of his motion to dismiss Soltys avers that he is the settlor, the trustee and the beneficiary of all three land trusts. The land trusts in this case are all also self-settled revocable trusts where Soltys himself settled the trusts and, as both the trustee and the beneficiary, Soltys retained all control. Plaintiff did not file any counteraffidavit or point to any other evidence to dispute this fact.

¶ 21   Plaintiff attempts to characterize the land trusts as third parties to come within the third-party fraudulent transfer exception to discharge, but land trusts are not "third party" entities. As the Seventh Circuit explained, an Illinois land trust is only a form of real property ownership:

> "The Illinois land trust, a unique creation of Illinois law, is in essence only a form of real property ownership. See generally H. Kenoe, Kenoe on Land Trusts (1981 & Supp. 1985); Haswell & Levine, *The Illinois Land Trust: A Fictional Best Seller*, 33 DePaul L. Rev. 277 (1984). A land trust is created by the execution and recording of a deed in trust transferring all legal and equitable title to real property to a trustee. The original owner is designated as the beneficiary of the trust and retains an assignable personal property interest in the trust. A second document, the trust agreement, is contemporaneously executed and outlines the right of the beneficiary to retain absolute control over the management, use, and disposition of the property and to receive all proceeds from the property. Unlike the conventional trust in which the trustee is vested with broad powers over the management and disposition of the trust property, the land trustee may act only at the beneficiary's direction. The trust agreement is not recorded and normally is kept secret from the public." *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 607 (7th Cir. 1987).

¶ 22   While a common law trust creates a split between the legal title in the trustee and the equitable title in the beneficiary, an Illinois land trust places both the legal and equitable title

in the trustee. *Levine v. Pascal*, 94 Ill. App. 2d 43, 50 (1968). "[I]t is well settled law in Illinois that the beneficiary of a land trust holds an interest in personal property." *Bennett v. Chicago Title & Trust Co.*, 404 Ill. App. 3d 1088, 1096 (2010) (citing 765 ILCS 405/1 (West 2006), and *Klein v. La Salle National Bank*, 155 Ill. 2d 201, 207 (1993)). By placing with the trustee the full, complete and exclusive title to the real estate, both legal and equitable, the beneficiary's interest in the trust is said to be personal property and not a direct interest in the real estate *res* of the trust. *In re Estate of Alpert*, 95 Ill. 2d 377, 382 (1983).

¶ 23 But "[t]itle refers only to a legal relationship to the land, while ownership is comparable to control." *IMM Acceptance Corp.*, 148 Ill. App. 3d at 954 (citing *People v. Chicago Title & Trust Co.*, 75 Ill. 2d 479, 489 (1979)). "The owner of a beneficial interest in a land trust is given four powers: (1) to possess, manage and physically control the real estate; (2) to receive the income generated by the property; (3) to direct the trustee in dealing with title to the real estate; and (4) to receive the proceeds from the sale of the property made pursuant to the power of direction." *In re Barone*, 184 B.R. 747, 749 (Bankr. N.D. Ill. 1995) (citing *In re Estate of Crooks*, 266 Ill. App. 3d 715 (1994)). See also *Patrick v. Village Management*, 129 Ill. App. 3d 936, 939 (1984) (same). "While referred to as personal property, every attribute of real property ownership, except title, is retained by the beneficiary under the trust agreement." *IMM Acceptance Corp.*, 148 Ill. App. 3d at 954 (citing *Chicago Title & Trust Co.*, 75 Ill. 2d at 488, 492). "Therefore, regardless of whether the beneficiary's interest may be labeled as personalty, courts have recognized that the beneficiary is the owner of and has an interest in the real estate *res* ***." *IMM Acceptance Corp.*, 148 Ill. App. 3d at 954-55.

¶ 24 In *Chicago Title & Trust Co.*, 75 Ill. 2d at 489-90, the Illinois Supreme Court disregarded the form of a land trust and instead focused on who had "control" over the property to determine who the true "owner" of the real estate. The supreme court analyzed the land trust arrangement and noted that in that case the beneficiary retained absolute control of the management of the trust and received all proceeds of the property, and the trustee could not act except upon the written authority of the beneficiary. The supreme court thus concluded that the beneficiary was the true owner of the real estate and was therefore liable to pay real estate taxes. *Chicago Title & Trust Co.*, 75 Ill. 2d at 494.

¶ 25 Whether a debtor's property is property of the bankruptcy estate is "a matter of federal bankruptcy law regardless of how the state characterizes the actual legal ownership of the property." *Hopkins Illinois Elevator Co. v. Pentell* (*In re Pentell*), 777 F.2d 1281, 1284 n.2 (7th Cir. 1985). Federal bankruptcy decisions and the Seventh Circuit follow the established law in Illinois that a land trust beneficiary's interest is considered intangible personal property but the beneficiary is considered the true owner. See *In re Nowicki*, 202 B.R. 729, 736 (Bankr. N.D. Ill. 1996) (the beneficial interest in a land trust is considered intangible personal property); *In re Smith*, 224 B.R. 388, 398 (Bankr. N.D. Ill. 1998) (the beneficiary of an Illinois land trust is treated as the true owner of the trust property).

¶ 26 Bankruptcy courts hold that in determining whether a beneficial interest in Illinois land trust is property of a bankruptcy estate, courts are to " 'look through the form [of an Illinois land trust] to the substance of a transaction.' " *In re Ainslie & Belle Plaine Ltd. Partnership*, 145 B.R. 950, 955 (Bankr. N.D. Ill. 1992) (quoting *In re Langley*, 30 B.R. 595, 599 (Bankr. N.D. Ind. 1983)). In discussing Illinois land trusts, the Seventh Circuit Court of Appeals held that a bankruptcy court can "look[ ] through the form to the substance of the transaction" and determine that a debtor who is the sole beneficiary of an Illinois land trust is the "equitable

owner of real property." (Internal quotation marks omitted.) *In re Gladstone Glen*, 628 F.2d 1015, 1019 (7th Cir. 1980). See also *In re Pentell*, 777 F.2d at 1284 n.2 (noting that while *Gladstone Glen* was decided prior to the Bankruptcy Code, its analysis is "equally applicable to § 541 of the Bankruptcy Code"). Looking past the form to the substance of an Illinois land trust has led federal bankruptcy courts to conclude that it is the beneficiary who is the owner of the real estate, based on the attributes of control where it is the beneficiary who has the right to control and manage the property and receive all the proceeds of the property, and the land trustee acts only at the direction of the beneficiary. See *In re Ainslie & Belle Plaine Ltd. Partnership*, 145 B.R. 950, 955 (Bankr. N.D. Ill. 1992). "It is these attributes of control that determine who is the true owner of property and not legal fictions created to facilitate land transfers." *Id.*

¶ 27    The Seventh Circuit continues to adhere to this analysis. See *Stable Investments Partnership v. Vilsak*, No. 14-1712, 2015 WL 55466 (7th Cir. Jan. 5, 2015) (the Seventh Circuit Court of Appeals looked to the terms of a trust agreement, where the beneficiary of a land trust had an interest in the earnings and proceeds of the trust but had no other right, title or interest in the property, in holding that the beneficiary was not the owner of certain farm land for purposes of the United States Agriculture Department's Direct and Counter Cyclical Payment program for farm subsidies).

¶ 28    We note that plaintiff's own complaint in fact affirmatively alleges that "at the time of the Transfers, the Properties constituted the bulk of Soltys'[s] assets *and Soltys retained control of the Properties following the transfers*." (Emphasis added.) As plaintiff itself argues, we must take the allegations of the complaint as true. See *Bjork v. O'Meara*, 2013 IL 114044, ¶ 21. Taking this allegation as true, it is undisputed in this case that Soltys had control of the land trust properties. As both the trustee and beneficiary, Soltys had complete control of the trusts and is the real owner of the property. The transfer of the properties to these land trusts in this case were not transfers to a third party.

¶ 29    In addition, the Bankruptcy Code specifically addresses self-settled trusts and does not treat such trusts as third parties. Section 548(e)(1) provides creditors an available cause of action to avoid a transfer by a debtor to a self-settled trust:

"(e)(1) In addition to any transfer that the trustee may otherwise avoid, the trustee may avoid any transfer of an interest of the debtor in property that was made on or within 10 years before the date of the filing of the petition, if–

(A) such transfer was made to a self-settled trust or similar device;

(B) such transfer was by the debtor:

(C) the debtor is a beneficiary of such trust or similar device; and

(D) the debtor made such transfer with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made, indebted." 11 U.S.C. § 548(e)(1) (2012).

¶ 30    But under this provision plaintiff was required to timely file an adversary claim. Plaintiff inexplicably did not do so. Soltys listed plaintiff as a creditor for its deficiency judgment for the foreclosure sale. Among all the things plaintiff disputes, plaintiff does not dispute receiving notice of Soltys's bankruptcy.

¶ 31    Plaintiff relies on *Roan*, where husband and wife debtors transferred property to their children (*Roan*, 282 Ill. App. 3d at 57) and the transfer was held to be fraudulent and

recoverable despite bankruptcy discharge, and *Kathy B. Enterprises, Inc. v. United States*, 779 F.2d 1413 (9th Cir. 1986), where a debtor sold his business to plaintiff, who in turn resold the business, and the debtor's sale was held to be a fraudulent transfer and recoverable despite bankruptcy discharge. Both of these cases involved sales to other individuals or business entities. In the case before us, Soltys formed self-settled land trusts. He was also the trustee and the beneficiary and had complete control. *In re Chardon, LLC*, 519 B.R. 211, 218 (Bankr. N.D. Ill. 2014) (the key elements of ownership are clearly placed with the beneficiaries of the land trust and not the trustee, all control over and benefits of the real property belong to the beneficiaries, and the land trust trustee has no discretion to take any action with respect to the property except at their direction).[1] The trust properties in this case do not fall under the "fraudulent transfer to third parties" exception to bankruptcy discharge.

¶ 32   Attempting to collect the discharged debt against real estate held in Illinois land trusts in which the debtor is a beneficiary is a violation of the bankruptcy discharge injunction. See *Smith v. First Suburban National Bank* (*In re Smith*), 224 B.R. 388, 398 (Bankr. N.D. Ill. 1998). Plaintiff is barred from bringing this action.

¶ 33   Further, despite plaintiff's semantic argument that "Soltys did not disclose the Trusts" and that "[i]nstead, he listed the parcels of real estate as if they were his own personal property," Soltys appropriately disclosed his beneficial interest in the trust properties in his bankruptcy petition as his personal property. Section 541(a)(1) of the Bankruptcy Code provides, in relevant part, that the debtor's estate shall include all legal and equitable interest of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1) (2012). As explained above, in an Illinois land trust, the beneficiary's interest is considered personal property. Soltys appropriately disclosed his interest in the properties in his bankruptcy petition as personal property. There is nothing improper about the manner in which Soltys listed his interest in the properties in his bankruptcy petition and the properties were not concealed. The bankruptcy court in fact examined these properties and determined that there was insufficient equity. Apart from the legal bar against doing so, as even just a factual matter it is unclear how plaintiff believes it would obtain any satisfaction of its deficiency judgment from these properties.

¶ 34                                    CONCLUSION

¶ 35   The circuit court did not err in granting defendant's motion to dismiss pursuant to section 2-619 of the Code for being "barred by other affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2-619(a)(9) (West 2012)), based on Soltys's bankruptcy discharge. Plaintiff received notice of Soltys's bankruptcy proceedings and did not timely file an adversary claim to challenge the dischargeability of its deficiency judgment claim. The Illinois land trusts in this case are not third parties and do not come within the "fraudulent transfers to third parties" exception to bankruptcy discharge. The court correctly ruled that that plaintiff was barred from bringing this action by Soltys's bankruptcy discharge.

¶ 36   Affirmed.

---

[1] We note that plaintiff FirstMerit Bank, N.A., was also the creditor in *In re Chardon, LLC*.