**FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant,**

**v.**

**James WOOTEN, Trustee of the Estate of Edward A. Williams, Debtor, et al., Appellees.**

**No. 87 C 4746.**

United States District Court, N.D. Illinois, E.D.

Dec. 10, 1987.

Raymond F. Gunn, Sutton & Gunn, Chicago, Ill., for Edward A. Williams, debtor.

James H. Wooten, Gardner, Carton & Douglas, Chicago, Ill., for trustee and Estate of Williams, debtor.

John Collen, Chapman & Cutter, Chicago, Ill., for FDIC.

## MEMORANDUM OPINION

KOCORAS, District Judge:

The Federal Deposit Insurance Corporation ("FDIC"), as the receiver of Tri–State Bank ("Tri–State"), is appealing the decision of the United States Bankruptcy Court

---

denying FDIC's motion for modification of an automatic stay. For the following reasons, the decision of the court below is reversed and the case remanded.

## FACTS

Edward A. Williams ("Williams"), the Debtor in this bankruptcy appeal, owned the beneficial interest in Evanston Bank Land Trust No. 1169 ("Trust 1169") and Evanston Bank Land Trust No. 1242 ("Trust 1242"). The res of Trust 1169 is real property commonly known as 733 North LaSalle Street, Chicago, Illinois ("the Property"). The Property is improved by an office building. The res of Trust 1242 is a one bedroom condominium located at 1255 North Clark Street, Chicago, Illinois ("the Condominium"). FDIC claims that Williams effectively assigned his beneficial interests in these land trusts to Tri–State Bank on or about August 8, 1980. Appellee James Wooten, the bankruptcy trustee of Williams' estate, claims that the assignment was ineffective because it was not properly executed under the relevant provisions of Illinois law. The bankruptcy court agreed with Wooten.

On or about August 8, 1980, Williams executed a promissory note in the amount of $140,000.00 in favor of Tri–State. In order to secure the note, Williams, as assignor, executed and delivered to Tri–State, as assignee, assignments of the beneficial interests ("ABI") in Trusts 1169 and 1242. Tri–State transmitted the ABIs to Evanston Bank, the Land Trustee. Evanston Bank sent the ABIs back to Michael Braun, then counsel to Tri–State, indicating that it required a letter of direction from Williams and that there had been a prior assignment of Trust 1169.[1] On February 26, 1981, Brown retransmitted the original of the ABIs to Evanston Bank along with a cover letter requesting that it accept them. The ABIs were retained by Evanston Bank and placed in the land trust files for Trusts 1169 and 1242. The "receipt" portion of the ABIs, however, was never signed by Evanston Bank as land trustee.

On January 14, 1986, a judgment order was entered in the case of *Edward A. Williams and TSB Corporation v. Central National Bank and Tri–State Bank,* case number 80 CH 9120, in the Circuit Court of Cook County, Chancery Division.[2] The order included a money judgment against Williams in the amount of $251,-922.46, and authorized FDIC to sell the beneficial interests in Trusts 1169 and 1242.[3]

FDIC served on Evanston Bank, on or about January 22, 1986, a levy on Trusts 1169 and 1242, along with a citation to discover assets. Williams voluntarily filed a bankruptcy petition under Chapter 11 of Title 11 of the United States Code on March 31, 1986. In connection with the bankruptcy proceedings, Williams prepared and filed schedules of liabilities and statements of affairs ("Schedules") which listed his assets and their value.

The bankruptcy court below ruled that the ABIs to Tri–State had not been perfected because Evanston did not "execute" them. The court also noted that FDIC's judicial lien on Trusts 1169 and 1242 was probably a voidable preference under § 547 of the Bankruptcy Code. The court therefore denied FDIC's motion to modify the automatic stay that was imposed by the Bankruptcy Code. FDIC takes exception to these findings, and has appealed to this Court.

## DISCUSSION

This Court sits as an appellate court for the decisions of the Bankruptcy Court. Bankruptcy Rule 8013. As such, a district

---

1. In addition, there were valid senior liens on the office building located on the Property—Anita Paulsen and Ruth Craigle were the joint first lienholders, and Evanston Bank was the second lienholder.

2. Williams originally filed suit against, among others, Tri–State, alleging that Tri–State was indebted to Williams for services rendered. Tri–State counterclaimed on the promissory note. The trial court entered summary judgment for Tri–State on Williams' claims.

3. Williams appealed the order, but it was affirmed by the Illinois Appellate Court on April 28, 1987, 155 Ill.App.3d 633, 108 Ill.Dec. 176, 508 N.E.2d 337.

court must accept the bankruptcy court's findings of fact as true unless they are "clearly erroneous." *Id.* Questions of law, however, are subject to *de novo* review; there is no "presumption of correctness" and the district court is not restricted in reviewing the bankruptcy court's conclusions. *In re Sanabria,* 52 B.R. 75, 76 (N.D.Ill.1985); *see also Matter of Evanston Motor Co., Inc.,* 735 F.2d 1029, 1031 (7th Cir.1984).

FDIC's appeal from the bankruptcy court has three bases: (1) acknowledgement by and lodgment with the land trustee is not required to perfect an ABI under Illinois law; (2) the ABIs in fact were lodged with the Evanston Bank; and (3) the bankruptcy court erred by using its own personal experience to determine the value of Williams' assets. The contentions will be addressed separately.[4]

### I. *Acknowledgement by the Trustee*

FDIC argues that under the Illinois Commercial Code ("the Code") and controlling Illinois case law there is no requirement of lodgment with and acknowledgment by the land trustee for an ABI to be effective as between assignor (Williams) and assignee (Tri–State, represented here by its receiver, FDIC). Wooten argues that there is such a requirement, and he cites to two cases and a treatise for support.

This Court agrees with FDIC's position. Assignments of beneficial interests in a land trust are governed by the Code as security interests. *In re Loop Hospital Partnership,* 50 B.R. 565, 568 (Bankr.N.D. Ill.1985); *First Federal Sav. & Loan Ass'n v. Pogue,* 72 Ill.App.3d 54, 27 Ill.Dec. 588, 389 N.E.2d 652, 656 (1979). Section 9–303 of the Code provides that a security interest is perfected when it has attached, and when the steps prescribed in §§ 9–302, 9–304, 9–305 and 9–306 are followed. Section 9–302(1)(c) exempts ABIs from the filing requirements normally necessary for perfection of a security interest. This section was amended in 1972, and changed the rule

requiring filing followed in *Levine v. Pascal,* 94 Ill.App.2d 43, 236 N.E.2d 425 (1st Dist.), petition for leave to appeal denied 39 Ill.2d 626 (1968). Ill.Ann.Stat. ch. 26 § 9–302, Illinois Code Comment at 153–54 (1987).

Attachment is therefore the key with regard to an ABI. Section 9–203 provides that "[a] security interest attaches when it becomes enforceable against the debtor with respect to the collateral." Ill.Rev. Stat. ch. 26 § 9–203(1)(a) (1987). It becomes enforceable when

(a) the collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral ...; and

(b) value has been given; and

(c) the debtor has rights in the collateral.

Ill.Rev.Stat. ch. 26 § 9–203(1) (1987). No requirement can be found in the Code that an ABI be lodged or acknowledged by the land trustee in order to be effective.

Tri–State fulfilled all the conditions required by the Code to perfect the ABIs that it received from Williams. Tri–State possessed signed ABIs from Williams for Trusts 1169 and 1242, had given value to Williams in the form of a loan, and Williams, the debtor, had rights in the land trusts involved. Wooten cites *In re Einoder,* 55 B.R. 319 (Bankr.N.D.Ill.1985), and *St. Charles Savings and Loan Ass'n v. Estate of Walter J. Sundberg,* 150 Ill. App.3d 100, 103 Ill.Dec. 301, 501 N.E.2d 322 (2nd Dist.1986), as support for the proposition that "acceptance by the land trustee of an assignment is an essential element to the perfection of an assignment of beneficial interest." Trustee's Memorandum in Response at 7. However, an examination of those cases reveals that the support that can be found for this proposition consists of obiter dicta unsupported by any reasoned analysis.

In *Einoder,* the court mentions in a footnote that "lodging with the land trustee is

---

**4.** Because the Court finds in favor of FDIC on the assignment issue, it declines to rule on the propriety of the bankruptcy court's purported use of personal experience regarding Williams' assets.

the means for perfecting the security interest." *Einoder*, 55 B.R. at 320 n. 2. The only authority cited for this point is *Kenoe on Land Trusts*, ¶ 3.12. Unfortunately, Kenoe cites no authority for his statement that lodging with and acceptance by the land trustee is necessary. Absent reference to the Code or other authority, Kenoe's opinion cannot be accepted as persuasive.

In *Sundberg*, the court held that the plaintiff's claim to the proceeds of an Illinois land trust failed because no assignment had ever been made and the plaintiff had no security agreement concerning the beneficial interest of the trust. *Sundberg*, 150 Ill.App.3d 100, 103 Ill.Dec. at 304–05, 501 N.E.2d at 325–26. The court went on to state in dicta that an assignment "must be signed by all of the appropriate parties, including the [t]rustee." *Sundberg*, 150 Ill.App.3d 100, 103 Ill.Dec. at 306, 501 N.E. 2d at 327. Absolutely no analysis or authority, statutory or case, was cited for this statement. Combined with the fact that *Sundberg* is a state intermediate appellate court decision, it cannot be considered as controlling on this Court.

Wooten also notes that there was a trust agreement in *Sundberg* which required lodgment with the land trustee, and points out that an identical provision was included in the trust agreement between Evanston Bank and Williams. The provision reads:

> No assignment of any beneficial interest hereunder shall be binding on the trustee until the original or a duplicate of the assignment is lodged with the trustee, and every assignment of any beneficial interest hereunder, the original or duplicate of which shall not have been lodged with the trustee shall be void as to all subsequent assignees or purchasers without notice.

Wooten implies that a failure to comply with this provision means that the assignment is not binding. This may or may not be true with regard to the effect on Evanston Bank of an assignment of a beneficial interest; it also may or may not be true with regard to the effect of an ABI on a subsequent assignee or purchaser without notice. The provision does not mean, however, that the ABI is not valid and effective between the assignor, Williams, and his assignee, Tri–State. There is nothing that releases Williams, or Wooten as bankruptcy trustee, from the obligation to honor his assignment of beneficial interests in Trusts 1169 and 1242 to Tri–State.

The issue of what is required to bind an assignor and an assignee is discussed in *In re Loop Hospital Partnership*, 50 B.R. 565, 568–69 (Bankr.N.D.Ill.1985). In *Loop Hospital*, Chief Bankruptcy Judge Eisen analyzed the relevant provisions of the Illinois Commercial Code in determining whether an ABI was effective absent notice to third parties. After a detailed analysis of the Code, the court found that the "weight of authority in Illinois on the subject" indicated that such an ABI was effective. This Court agrees with Chief Judge Eisen's analysis of Illinois law. Although a lodgment requirement might be worthwhile so as to give notice to third parties, it cannot be said that one currently exists under the Illinois Commercial Code.

II. *Lodgment with the Land Trustee*

■ Even if Illinois law required lodgment of an ABI with the land trustee, FDIC nonetheless would prevail here. FDIC argues that "Evanston Bank, as land trustee, received physical possession of the ABIs and kept them in its land trust files from February 26, 1981, to the present. Obviously, prior attempts by Evanston Bank to reject physical possession were nullified and superseded by its ultimate retention of the ABIs." FDIC Reply Brief at 8. It also contends that the refusal to sign an acknowledgment of receipt of the ABIs should not defeat lodgment.

Wooten, on the other hand, argues that Evanston Bank refused to accept the ABIs the first time that Tri–State submitted them, and in fact sent them back. He argues that the fact that Evanston Bank kept the ABIs in its files upon their resubmission does not constitute "lodgment."

The Court disagrees with Wooten's contentions. The argument that there was no lodgment here might have prevailed if the ABIs had never been resubmitted and re-

tained by Evanston Bank, or if Evanston Bank had returned them to Tri–State a second time. However, this is not what happened. Rather, on February 26, 1981 Tri–State, through its attorney, resubmitted the ABIs to Evanston Bank. Evanston Bank then placed the ABIs in its files and took no further action. It did not notify Tri–State that it would not accept the documents. It did not send the ABIs back to Tri–State. It simply put the assignments into its files and left them there. The fact that it had refused to accept them the first time they were submitted means little since it retained them upon their resubmission. It would be inequitable to allow either Evanston Bank or Wooten to defeat FDIC's claim by arguing now that the ABIs were never "lodged." The Court finds, on the particular facts of this case, that the ABIs were effectively "lodged."

## CONCLUSION

For the foregoing reasons, this case is reversed and remanded to the bankruptcy court for further action consistent with this decision.