**CONSOLIDATED RAIL CORPORATION**

v.

**GALLATIN STATE BANK.**

No. 91 C 2204.

United States District Court,
N.D. Illinois,
Eastern Division.

May 18, 1992.

Richard Michael Kates, Law Office of Richard M. Kates, Chicago, IL, for Consolidated Rail Corp.

Leonard M. Groupe, Groupe & Katz, Chicago, IL, for Prairie Trunk Ry.

## ORDER

LINDBERG, District Judge.

This is an appeal from an order of the Bankruptcy Court. Gallatin County State Bank (the Bank) willfully violated the automatic stay. 11 U.S.C. § 362. Consolidated Rail Corporation (Conrail) moved for damages for this willful violation of the stay pursuant to Section 362(h). 11 U.S.C. § 362(h). The Bank moved for summary judgment on that motion for damages. The Bankruptcy Court granted the motion for summary judgment, and so denied the motion for damages, 125 B.R. 217. Conrail appealed that order.

A single, legal, issue is raised: Whether Conrail, as a corporation, is an individual for purposes of Section 362(h). If Conrail is an individual, the Bankruptcy Court must be reversed; if Conrail is not an individual, the Bankruptcy Court must be affirmed.

The statute at issue provides:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h). The Bankruptcy Court delivered a lengthy and learned opinion explaining its conclusion that Conrail is not an individual for purposes of this statute. This court expresses no disagreement with the Bankruptcy Court's opinion. However, this court comes to the same conclusion based solely upon a reading of parts of the Bankruptcy Code.

Although the Bankruptcy Code nowhere explicitly defines the word "individual" it leaves no doubt that a corporation is not an individual.

The word " 'corporation'—(A) includes—(i) association having a power that a private corporation, but not an individual or a partnership, possesses." 11 U.S.C. § 101(9)(A)(i). Moreover, the word " 'person' includes individual, partnership, and corporation." 11 U.S.C. § 101(41). If a corporation was an individual under the Bankruptcy Code, it would have been unnecessary for Congress to include the word "corporation" when defining "person" because the word "individual" would have included corporations. Put another way, if the word "individual" were to be construed to include corporations, the word "corporation" in Section 101(41) would be mere surplusage. 11 U.S.C. § 101(41).

If Congress had intended to make Section 362(h) as inclusive as Conrail contends, it would have done so more clearly. Instead of the word "individual," Congress could have used the word "person" (which specifically "includes individual, partnership, and corporation, but does not include governmental unit") or the word "entity" (which specifically

"includes person, estate, trust, governmental unit, and United States trustee") and made such an intent abundantly clear. 11 U.S.C. §§ 101(41), 101(15).

For the foregoing reasons, the court concludes that the Bankruptcy Court correctly construed Section 362(h) and accordingly did not err in granting the Bank's motion for summary judgment, and so denying Conrail's motion for damages.