**In re AINSLIE AND BELLE PLAINE LIMITED PARTNERSHIP, and 4801 N. Fairfield Limited Partnership, Debtors.**

**Bankruptcy Nos. 92 B 09022, 92 B 09021.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Oct. 5, 1992.

Edward S. Weil, Greenberger, Krauss & Tenenbaum, Chicago, Ill., for Irving Federal.

Jeffrey Strange & Associates, Wilmette, Ill., Paul M. Bauch, Kathleen M. Meyers, Bell, Boyd & Lloyd, Mark L. Goldstein, Illinois Commerce Com'n, Paul Streicher, Cohon, Raizes & Regal, Chicago, Ill., Ellen Barnes, Highland Park, Ill., for the debtors.

Dennas H. Heffner, Chicago, Ill., for U.S. Trustee.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

Irving Federal Bank for Savings has moved for a declaration that certain beneficial interests in land trusts are not property of the estate, or, in the alternative, for the modification or annulment of the automatic stay. Irving Federal's motion is granted and the Court finds that the beneficial interests in the land trusts are not property of the Debtors' estates.

## FACTS

On April 21, 1992, Ainslie and Belle Plaine Limited Partnership ("Ainslie/Belle Partnership") and 4801 N. Fairfield Limited Partnership ("Fairfield Partnership") (jointly the "Debtors") filed separate petitions under Chapter 11 of the United States Bankruptcy Code. The Ainslie/Belle Partnership listed apartment buildings at 2702 W. Ainslie, Chicago, Illinois ("Ainslie Property") and 900 W. Belle Plaine, Chicago, Illinois ("Belle Plaine Property") as its principal assets. The schedules for the Fairfield Partnership listed an apartment building at 4801 N. Fairfield, Illinois ("Fairfield Property") as its principal asset. Legal title to the three properties was held in separate land trusts. Ownership of the beneficial interests in those land trusts is the subject of the pending dispute. A summary of the transactions related to the land trusts is necessary in order to understand that dispute.

On September 13, 1988, Irving Federal made a loan to Ellen Barnes in connection with the Fairfield Property. Legal title to the Fairfield Property was held by American National Bank & Trust Company of Chicago, as trustee under Trust No. 106439–06 ("Fairfield Trust"). At the time the loan was made, Barnes was the owner of the beneficial interest in the Fairfield Trust. The loan was evidenced by a note executed by American National and Barnes in the original principal amount of $621,-000.00 ("Fairfield Note"). The Fairfield Note was secured, in part, by a first mortgage on the Fairfield Property and a collateral assignment of the beneficial interest.

Also on September 13, 1988, Irving Federal made a loan to Barnes and Terri Smalinsky in connection with the Belle Plaine Property. Legal title to the Belle Plaine Property was held by American National Bank, as trustee under Trust No. 103205–05 ("Belle Plaine Trust"). Barnes and Smalinsky were the holders of the beneficial interest in the Belle Plaine Trust at the time the loan was made. In connection with the loan, American National Bank, as trustee, and Barnes and Smalinsky, jointly and severally, executed a note in the origi-nal principal amount of $391,500.00 ("Belle Plaine Note"). The Belle Plaine Note was secured, in part, by a first mortgage on the Belle Plaine Property and a collateral assignment of the beneficial interest in the Belle Plaine Trust.

On August 18, 1989, Irving Federal made another loan to Barnes and Smalinsky in connection with the Ainslie Property. Legal title to the Ainslie Property was held by American National Bank as trustee under Trust No. 103206–04 ("Ainslie Trust"). Barnes and Smalinsky were the holders of the beneficial interest in the Ainslie Trust. In connection with the loan, American National Bank, as trustee, and Barnes and Smalinsky, jointly and severally, executed a note in the original principal amount of $416,000.00 ("Ainslie Note"). The Ainslie Note was secured, in part, by a first mortgage on the Ainslie Property and a collateral assignment of the beneficial interest in the Ainslie Trust.

The trust agreements for the Fairfield Trust, the Belle Plaine Trust and Ainslie Trust each provided that no assignment of the beneficial interest in the land trust would be binding on the trustee or effective unless and until the assignment was lodged with and accepted by the trustee. In addition, combined security agreements and collateral assignments of beneficial interest executed in connection with the Fairfield Note, the Belle Plaine Note and the Ainslie Note each prohibited any assignment, sale or other transfer, without the prior written consent of Irving Federal.

Barnes and Smalinsky began to have problems making payments on the loans. In July of 1990, Barnes executed a work-out agreement between Irving Federal, as lender, and Barnes, Smalinsky, Fairfield Trust, Ainslie Trust and Belle Plaine Trust as borrowers. No other party executed the work-out agreement. The work-out agreement did not refer to the Ainslie/Belle Partnership or the Fairfield Partnership as borrowers or in any other manner.

On October 25, 1990, Irving Federal filed three separate complaints in the Circuit Court of Cook County, Chancery Division to foreclose on the Belle Plaine Property,

the Ainslie Property and the Fairfield Property. Barnes filed affirmative defenses to the foreclosure actions and a four-count counterclaim against Irving Federal and others. On November 19, 1991, the state court entered an order to sever the counterclaim from the foreclosure action and transfer the counterclaim to the Law Division. No action has been taken on the counterclaim since.

On February 20, 1991, the state court entered an order under the Illinois Mortgage Foreclosure Law, Ill.Rev.Stats. ch. 110, ¶ 15–1703, placing Irving Federal in possession of the properties. Irving Federal thereafter took control of the properties.

On February 6, 1992, the state court granted summary judgment in favor of Irving Federal, against Barnes, and dismissed Barnes' affirmative defenses. In granting summary judgment, the state court found that Barnes was bound by the July, 1990 work-out agreement and a release of Irving Federal contained therein, and further found that Irving Federal owed no fiduciary duty to Barnes.

On March 3, 1992, the state court entered a Judgment of Foreclosure and Sale in favor of Irving Federal. The Debtors filed a voluntary Chapter 11 petition on April 21, 1992. A judicial sale of the properties was held on April 22, 1992, despite Irving Federal's counsel having received copies of the Debtors' petitions the day before the sale was scheduled. The petitions did not include a statement of financial affairs, a schedule of assets and liabilities or a schedule of secured and unsecured creditors. However, the Debtors listed the addresses of the respective properties under "Location of Principal Assets" on the cover sheet of the respective petitions.

On May 4, 1992, Barnes filed an objection to Irving Federal's motion to approve Sheriff's Report of Sale, then pending before the state court. Barnes argued that Irving Federal was not entitled to the proceeds from the sale of the properties and that the proceeds belonged to the Debtors as the holders of the beneficial interests in the land trusts. In support of her argument that the Debtors owned the beneficial inter-

ests in the trusts, Barnes attached a copy of a limited partnership agreement dated January 1, 1990, between Smalinsky and Barnes ("Ainslie/Belle Partnership Agreement"). Barnes also attached an affidavit stating:

1. The beneficial interest in the Fairfield Trust was assigned to the Fairfield Partnership on September 24, 1991;

2. The beneficial interests in the Ainslie Trust and Belle Plaine Trust were assigned to the Ainslie/Belle Partnership on January 1, 1990; and

3. Irving Federal consented to the assignments of the beneficial interests.

This was the first Barnes had alleged that she and Smalinsky were not the holders of the beneficial interests in the land trusts. The assignments of the beneficial interests to the partnerships were never lodged with or accepted by the land trustee, as required by the respective trust agreements.

## DISCUSSION

Irving Federal contends that the assignments of the beneficial interests to the Debtors were ineffective and therefore the Ainslie/Belle Partnership does not have any interest in the Ainslie Trust or the Belle Plaine Trust and the Fairfield Partnership does not have any interest in the Fairfield Trust. In support of its argument that the assignments were ineffective, Irving Federal relies on the following three provisions in the various agreements:

1. Paragraph 4 of the Ainslie/Belle Partnership Agreement provided for the assignment of all right, title and interest to the Ainslie Trust and the Belle Plaine Trust. The agreement further provided that "[t]he foregoing assignment and assumption are subject to, and will not be effective without, the consent of all parties from whom consent is necessary in order for such assignment not to be a default under existing loan arrangements in connection with the Property."

2. Combined security agreements and collateral assignments of beneficial interest executed in connection with the Fairfield Note, the Belle Plaine Note and the

954

Ainslie Note each prohibited any assignment, sale or other transfer, without the prior written consent of Irving Federal. 3. The trust agreements for the Fairfield Trust, the Belle Plaine Trust and Ainslie Trust each provided that no assignment of the beneficial interest in the land trust would be binding on the trustee or effective unless and until the assignment was lodged with and accepted by the trustee.

The Court will separately address the effect each of these provisions has on the validity of the assignments of the beneficial interests to the Debtors.

Irving Federal argues that the assignments to the Ainslie–Belle Partnership were ineffective because an express condition precedent contained in the Ainslie/Belle Partnership Agreement was not fulfilled. Barnes and Smalinsky purported to assign the beneficial interests in the Ainslie Trust and the Belle Plaine Trust to the Ainslie/Belle Partnership as a capital contribution. However, the Ainslie/Belle Partnership Agreement conditioned effectiveness of the assignments on obtaining the consent of all parties necessary in order for such assignment not to render any outstanding loans in default. The combined security agreements and collateral assignments of beneficial interest executed in connection with the three loans, required Irving Federal's consent to any assignments of the beneficial interests. Accordingly, by its own terms, the Ainslie/Belle Partnership Agreement required the consent of Irving Federal for the assignments of the beneficial interests to the Ainslie/Belle Partnership to be effective.

The Debtors argue that Barnes and Smalinsky, as parties to the Ainslie/Belle Partnership Agreement, waived the condition precedent. At the hearing on this matter, the Debtors also argued that Irving Federal had consented to the assignments.

■ Parties to a contract may waive a provision in an agreement, including a condition precedent. *Whalen v. K–Mart Corporation*, 166 Ill.App.3d 339, 116 Ill.Dec. 776, 519 N.E.2d 991 (1st Dist.1988). Waiver may either be express or implied when

the parties' conduct is inconsistent with an intent to enforce the provision. *Whalen*, 166 Ill.App.3d at 443, 116 Ill.Dec. at 779, 519 N.E.2d at 994.

■ The Court finds that Barnes and Smalinsky did not waive the consent requirement in the partnership agreement. There is no evidence of an express waiver nor is Barnes' conduct consistent with finding an implied waiver. On the contrary, throughout the state court foreclosure proceedings Barnes consistently maintained that she and Smalinsky were the holders of the beneficial interests in the land trusts. It was not until the Debtors had filed the bankruptcy petitions that she alleged that the beneficial interests had been assigned to other entities. In addition, Barnes' position in this proceeding that Irving Federal had and would consent to the assignments is inconsistent with finding a waiver of the consent provision.

■ The Court also finds that Irving Federal did not consent to the assignments. The Debtors presented evidence that Frank Schwa, President of Irving Federal had orally consented to the assignments during prior negotiations. However, the loan documents required the *written* consent of Irving Federal. It is undisputed that Irving Federal did not give written consent. Furthermore, the informal conversations with Frank Schwa could not bind Irving Federal. Statements made by Irving Federal's attorney during the negotiations also made it clear that Irving Federal had not consented.

Accordingly, this Court finds that pursuant to the express terms of the Ainslie/Belle Partnership Agreement, which required Irving Federal's consent to any assignment, the assignments of the beneficial interests in the Ainslie Trust and Belle Plaine Trust were ineffective.

■ The Fairfield Partnership Agreement did not contain a similar consent provision. However, Irving Federal alternately contends that all of the assignments were ineffective because the assignments were not lodged with the land trustee as required by the trust agreements. This

requirement was contained in the trust agreements for all three land trusts.

The Debtors respond that the requirement that the assignment be lodged with the trustee does not affect the validity of the assignments between the assignor and the assignee. Debtors rely on *Federal Deposit Ins. Corp. v. Wooten*, 80 B.R. 917 (N.D.Ill.1987) and *In re Loop Hospital Partnership*, 50 B.R. 565 (Bankr.N.D.Ill. 1985) in support of this argument.

The issue in both *Wooten* and *Loop Hospital* was whether a secured party was required to lodge an assignment of beneficial interest with the trustee in order to perfect its security interest. In *Wooten*, the court noted that assignments of beneficial interests in land trusts are exempt from the normal filing requirements to perfect a security interest. *Wooten*, 80 B.R. at 919, citing Ill.Rev.Stat. ch. 26, § 9–302(1)(c). The court also noted that § 9–302 was amended by the Illinois legislature in 1972 to change the rule that filing was required. *Id.* at 919. Since no other requirement to perfect the security interest was added, the court concluded that it was not necessary to lodge the assignment with the trustee in order to perfect the security interest. *Wooten* 80 B.R. at 920.

The bankruptcy trustee in *Wooten* suggested that the assignment was invalid because the trust agreement required any assignment to be lodged with and accepted by the trustee in order to be effective. The court rejected this argument and concluded that the provision did not affect the validity of the assignment as between the assignor and assignee. *Wooten* 80 B.R. at 920.

Both *Wooten* and *Loop Hospital* are distinguishable from this case. The alleged assignments to the Debtors in this case were absolute assignments of the beneficial interest, while *Wooten* and *Loop Hospital* involved collateral assignments of beneficial interests. Furthermore, the issue in both cases was limited to whether the collateral assignment had to be lodged with the trustee in order to perfect a security interest in the beneficial interest.

Here, the issue is whether the Debtors have an interest in the real estate that is the subject of the foreclosure proceedings so that those proceedings were stayed upon the commencement of these cases.

 The form of a land trust is such that the land trustee, not the beneficiary (whoever that may be), has legal and equitable title to the real estate. But in considering the issue here, the Court is to "look through the form [of an Illinois land trust] to the substance of a transaction." *In re Langley*, 30 B.R. 595, 599 (Bankr.N.D.Ind. 1983). The Seventh Circuit reaffirmed this view that substance should prevail over form in Illinois-type land trusts in *In the Matter of Pentell*, 777 F.2d 1281, 1284 n. 2 (7th Cir.1985). Although contained in dicta, the Seventh Circuit's position is clear and consistent with an earlier case decided under the Bankruptcy Act, *In the Matter of Gladstone Glen*, 628 F.2d 1015 (7th Cir. 1980).

Disregarding the form of an Illinois land trust has led those courts to conclude that for various purposes it is the beneficiary who is the owner of the real estate. That conclusion is derived from the fact that it is the beneficiary who has the right to control and manage the property and receive all the proceeds of the property. The land trustee acts only at the direction of the beneficiary. It is these attributes of control that determine who is the true owner of property and not legal fictions created to facilitate land transfers.

The federal courts were not the first to disregard the form of an Illinois land trust. This rule, and the federal opinions, are based on the Illinois Supreme Court decision in *People v. Chicago Title & Trust Co.*, 75 Ill.2d 479, 27 Ill.Dec. 476, 389 N.E.2d 540, 542 (1979). In *Chicago Title*, the Illinois Supreme Court disregarded the form of a land trust and instead focused on who had "control" over the property to determine who was the true "owner" of the real estate.

In *Chicago Title*, the State of Illinois sought to impose personal liability on the beneficiaries of land trusts for real estate taxes. However, pursuant to the state revenue code, real estate taxes were only im-

posed upon the "owner" of the real estate. In a land trust arrangement, the land trustee is generally considered the owner because the trustee holds legal and equitable title to the real estate.

The court analyzed the land trust arrangement and noted that the beneficiary retains absolute control of the management and receives all proceeds of the property, and the trustee may not act except on written authority of the beneficiary. The court further noted that "[w]hile title may be a factor in determining ownership it is not decisive. Of far greater importance is control of the property and the right to its benefits." *Chicago Title,* 75 Ill.2d at 492, 27 Ill.Dec. at 481, 389 N.E.2d at 545. Because the beneficiary of the land trust possessed these attributes of ownership the Illinois Supreme Court concluded that the beneficiary was the true owner of the real estate. *Id.* 75 Ill.2d at 494, 27 Ill.Dec. at 481, 389 N.E.2d at 545.

In *Langley, supra,* the bankruptcy court applied this same theory and concluded that the beneficiary was the owner of the real estate, so that the real estate was property of the estate in the beneficiary's bankruptcy case. *Langley,* 30 B.R. at 599. *Langley* also focused on the fact that the beneficiary possessed the "right to control, use, and enjoy the property." *Id.* at 599.

The Debtors in this case claim that the real estate is property of the estate by reason of an assignment of the beneficial interest in the Fairfield Trust dated September 24, 1991 and assignments of the beneficial interests in the Ainslie Trust and the Belle Plaine Trust dated January 1, 1990. However, the trust agreements for each of the trusts expressly provided that no assignment was binding on the trustee until lodged with and accepted by the trustee. Since the assignments were not lodged with the land trustee, the original beneficiaries, Barnes and Smalinsky, retained the power to direct the trustees to deal with the properties. The original beneficiaries also thereby retained all right to control and manage the property, while the Debtors have no similar rights that the title-holding land trusts are bound to recognize. All the Debtors have is a contractual right against the original beneficiaries. While the assignments may have been effective as between the assignees and the assignors, as held in *Wooten,* the assignments, without being lodged with the trustees, gave the Debtors no rights to control the property.[1]

The inescapable conclusion is that Barnes and Smalinsky, not the Debtors, are the owners of the properties in the Fairfield, Ainslie and Belle Plaine Trusts. The estates, therefore, have no interest in that real estate; at most they have contractual rights against Barnes and Smalinsky. Accordingly, the Court grants Irving Federal's motion and finds that the beneficial interests in the Fairfield Trust, the Ainslie Trust and the Belle Plaine Trust are not property of the Debtors' estates.

An order in accord with this opinion has been previously entered.

---

1. The court in *Wooten* also noted that the assignment may not be binding on the land trustee. *Wooten* 80 B.R. at 920.