**In re MIDWAY INDUSTRIAL CONTRACTORS, INC., Debtor.**

**UNITED STATES of America, Appellant,**

v.

**MIDWAY INDUSTRIAL CONTRACTORS, INC., Appellee.**

Nos. 94 C 5781, 92 B 13149.

United States District Court, N.D. Illinois, Eastern Division.

March 1, 1995.

Asst. U.S. Atty., Chicago, IL, for U.S.

Walter Emerson Trittipo, Hough & Cook, Chicago, IL, for Midway Indus. Contractors, Inc.

### MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the court on an appeal from the Bankruptcy Court's determination that the Internal Revenue Service ("IRS") wilfully violated an automatic stay. As a result of said violation, the Bankruptcy Court granted an award of attorney's fees to the debtor, Midway Industrial Contractors, Inc. ("Midway"). The United States appeals that order. For the reasons set forth below, we reverse the ruling of the Bankruptcy Court.

### BACKGROUND FACTS

Because the relevant facts in this matter are not in dispute, we will reiterate the facts as summarized by the Bankruptcy Court.

Midway Industrial Contractor, Inc. ("Debtor") is an industrial painting contractor which employs individuals from whose salaries federal taxes are withheld and transmitted to the Internal Revenue Service ("IRS"). The Debtor was required and did deposit a total of $543,838.51 for employees' withholding and the employer's portion of federal taxes for the fourth quarter of 1991. Some of those deposits, however, were not timely made. As a result, the IRS assessed a penalty of $41,305.61 against the Debtor on or about March 23, 1992. That assessment was subsequently reduced to $17,554.31.

On June 11, 1992, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. On December 30, 1992, the Debtor elected to carryback to the 1988 tax year the net operating losses incurred during the tax year ending December 31, 1991 and filed an Application for Tentative Refund ("Application") of $40,320 due to the loss carryback. On February 8, 1993, the IRS granted the Application, but did not immediately make any payment.

On June 1, 1993, the IRS filed a proof of claim asserting a secured claim in the amount of $17,292.04 as a result of the IRS's alleged setoff rights for the assessed penalty amount. On June 15, 1993, the IRS issued a check to the Debtor for the $40,320 (plus interest) less $17,382.04, the amount of the IRS's alleged claim. On or about July 15, 1993, in response to the IRS withholding $17,382.04, the Debtor filed a motion to enforce the automatic stay by a rule to show cause why the IRS should not be held in contempt. Subsequently, the IRS filed a motion for relief from the automatic stay so that the IRS could proceed to credit the amount of $17,382.04 to the Debtor's tax liability.

The Bankruptcy Court, in finding that the IRS violated the automatic stay, granted the Debtor's motion for sanctions and granted it attorney's fees and costs connected with the filing of its motion. The Court likewise granted the IRS's motion to lift the automatic stay. The United States is now appealing the Bankruptcy Court's award of attorney's fees and costs.

### LEGAL STANDARD

■ The United States District Courts have jurisdiction over appeals from final judgments and final orders in bankruptcy cases pursuant to 28 U.S.C. § 158(a). Our review of questions of law is *de novo*. *Federal Deposit Ins. Corp. v. Wooten,* 80 B.R. 917, 919 (N.D.Ill.1987). Thus, there is no presumption of correctness of the Bankruptcy Court's conclusions of law. *Id.*

### DISCUSSION

This appeal involves a balancing of the provisions of the Bankruptcy Code and the

Internal Revenue Code and requires a determination of the time when a set-off occurs within the meaning of these two bodies of law. Sections 6402(a) and 6411(b) of the Internal Revenue Code expressly permit offset.[1] Section 553 [2] of the Bankruptcy Code preserves the right of offset but limits it by the automatic stay provisions of Section 362.[3] In general, the setoff of any pre-petition debt owing to a debtor against any claim against the debtor is absolutely prohibited by the automatic stay. 11 U.S.C. § 362(a)(7).

In its April 15, 1994 Order, the Bankruptcy Court determined that the IRS violated the automatic stay by imposing an offset against the debtor. As a result, the IRS was subject to sanctions. Section 362(h) of the Bankruptcy Code states:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h). Pursuant to this provision, the bankruptcy court, in an August 10, 1994 Order, awarded to the debtor $3,704.50

in attorneys' fees. The United States appeals the Bankruptcy Court's ruling.

### A. Timeliness of the Appeal

As a threshold matter, the debtor asserts that the United States' appeal is untimely. We disagree. The United States does not dispute that the order from which it is appealing is the April 15, 1994 Order. However, the United States does dispute the debtor's contention that the April 15, 1994 Order constitutes a final, appealable order.

In its April 15 Order, the Bankruptcy Court addressed all issues except for the entry of the actual amount of attorneys' fees to be awarded as damages. This amount was not determined until the Bankruptcy Court's August 10 Order. The Seventh Circuit has held that "(A)n order upholding liability but leaving damages for subsequent determination is not a final order." *In re Fox*, 762 F.2d 54, 55 (7th Cir.1985). The April 15 Order was thus not a final, appealable order. The case did not become ripe for appeal until the Bankruptcy Court issued its decision on August 10, 1994. As such, we find that the United States appeal was timely.

---

**1.** 26 U.S.C. § 6402(a) provides:

In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall ... refund any balance to such person.

26 U.S.C. § 6411(b) provides:

Allowance of adjustments.—Within a period of 90 days from the date on which an application for a tentative carryback adjustment is filed ... the Secretary shall make, to the extent he deems practicable in such period, a limited examination of the application, to discover omissions and errors of computation therein, and shall determine the amount of the decrease in the tax attributable to such carryback upon the basis of the application and the examination, except that the Secretary may disallow, without further action, any application which he finds contains errors of computation which he deems cannot be corrected by him within such 90–day period or material omissions. Such decrease shall be applied against any unpaid amount of the tax decreased (including any amount of such tax as to which an extension of time under section 6164 is in effect) and any remainder shall be credited against any unsatisfied amount of any tax for the

taxable year immediately preceding the taxable year of the net operating loss, net capital loss, or unused business credit the time for payment of which tax is extended under section 6164. Any remainder shall, within such 90–day period, be either credited against any tax or installment thereof then due from the taxpayer, or refunded to the taxpayer.

**2.** 11 U.S.C. § 553 states in relevant part:

(a) Except as otherwise provided in this section and sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

**3.** 11 U.S.C. § 362 states in relevant part:

(a) ... a petition filed under section 301, 302, 303 of this title ... operates as a stay, applicable to all entities, of—

\*　　\*　　\*　　\*　　\*　　\*

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor ...

## B. Violation of the Automatic Stay

█ Section 362(a)(7) prohibits a creditor from exercising a right of setoff after a petition is filed, without modification of the automatic stay. *Patterson v. B.F. Goodrich Employees Federal Credit Union*, 125 B.R. 40, 51 (Bankr.N.D.Ala.1990), *aff'd*, 967 F.2d 505 (11th Cir.Ala.1992). Although the IRS failed to seek a modification of the automatic stay before reducing the amount owed to the debtor, the United States contends that it did not violate the automatic stay. Rather, the IRS maintains that under Seventh Circuit law, no setoff occurred. *See Pettibone Corp. v. United States*, 34 F.3d 536 (7th Cir.1994). Given the absence of a setoff, the automatic stay provisions remained intact, and no sanctions were warranted under § 362(h).

In *Pettibone*, the Seventh Circuit held that the netting of a corporate taxpayer's underpayments and overpayments was a mere accounting method and not a type of setoff within the meaning of the Bankruptcy Code. *Id.* at 539. In so holding, the court noted that loss carrybacks exemplify the interdependence among tax periods within the corporate system. *Id.* The debtor maintains that *Pettibone* is inapplicable to the present case, contending that *Pettibone* should be limited to cases where the liabilities involved are identical and only the tax years are different. We disagree.

In arriving at its final calculation in this case, the IRS netted the debtor's overpayment of corporate income taxes with its underpayment of employment taxes. While the taxes here are not identical in nature, we nevertheless find that the interdependence upon which the Seventh Circuit focused in *Pettibone* still exists. It is common practice, for example, for a corporation to take deductions on its corporate income tax returns for tax liabilities accrued with respect to employment taxes. Moreover, other courts have recognized this interdependence between corporate employment taxes and income taxes in the context of relation back of amended proofs of claim. *See In re Miss Glamour Coat Co., Inc.*, 80–2 U.S.T.C. ¶ 9737 (S.D.N.Y.1980) (citing *In the Matter of Emerald Green Corp.*, 9 C.B.C. 780 (E.D.N.Y. 1976)).

We find no reason, within the corporate setting, to limit *Pettibone* to its own factual situation, i.e., where the type of liability was the same but the tax year differed. The interdependence so indelibly interwoven into the corporate tax system applies equally when the nature of the tax liabilities differ. As such, the Seventh Circuit's holding in *Pettibone* controls. Applying *Pettibone* to the present case, we find that no setoff occurred when the IRS netted the debtor's underpayments and overpayments in arriving at the amount of the debtor's refund. Absent a setoff, no violation of the automatic stay resulted. The Bankruptcy Court's imposition of sanctions against the IRS was thus unwarranted.

## C. Damages for Violation of the Automatic Stay

█ In light of our conclusion that the activities of the IRS did not constitute a violation of the automatic stay under § 362 of the Bankruptcy Code, it is unnecessary to address whether the Bankruptcy Court's imposition of sanctions under § 362(h) was proper. Still, we feel compelled to do so. In its August 10, 1994 Order, the Bankruptcy Court awarded the debtor $3,704.50 in attorneys' fees as a result of the IRS' willful violation of the automatic stay. 11 U.S.C. § 362. Section 362(h) of the Bankruptcy Code states:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h). The issue before us is whether Midway, a corporate debtor, is an "individual" for purposes of § 362(h) of the Bankruptcy Code.

Section 362(a) of the Bankruptcy Code, enacted by Congress in 1978, offers substantial legislative guidance as to the wide breadth of the automatic stay. Section 362(h), by contrast, was enacted in 1984 without the benefit of any legislative history. Relying on the confirmed breadth of § 362(a), several courts have concluded that the term "individual" as utilized in § 362(h)

should be extended to include corporate debtors. *See e.g., In re Atlantic Business & Community Corp.,* 901 F.2d 325 (3rd Cir. 1990); *Budget Service Co. v. Better Homes of Virginia, Inc.,* 804 F.2d 289 (4th Cir.1986); *In re Jim Nolker Chevrolet–Buick–Oldsmobile, Inc.,* 121 B.R. 20 (Bankr.W.D.Mo.1990); *In re Mallard Pond Partners,* 113 B.R. 420 (Bankr.W.D.Tenn.1990).

Other courts have focused upon the plain meaning of § 362(h) and concluded that the term "individual" includes only natural persons. *See e.g., In re Chateaugay Corp.,* 920 F.2d 183 (2d Cir.1990); *Consolidated Rail Corp. v. Gallatin State Bank,* 173 B.R. 146 (N.D.Ill.1992); *In re Prairie T. Ry.,* 125 B.R. 217 (Bankr.N.D.Ill.1991); *In re First RepublicBank Corp.,* 113 B.R. 277 (Bankr.N.D.Tex. 1989). After careful consideration of the issue, we find in favor of the latter approach and hold that a corporate debtor is not an "individual" for purposes of § 362(h) of the Bankruptcy Code.

Black's Law Dictionary (5th ed. 1979) provides the following definition of an "individual":

> A single person as distinguished from a group or class, and also, very commonly, a private or natural person as distinguished from a partnership, corporation, or association; but it is said that this restrictive signification is not necessarily inherent in the word, and that it may, in proper cases, include artificial persons.

Although the second portion of this definition leaves room for the possibility of a corporation being included within the meaning of individual, we find that the first portion better reflects the common or plain meaning of the word. In *U.S. v. Ron Pair Enterprises, Inc.,* the Supreme Court reaffirmed the plain meaning rule of statutory interpretation:

> The plain meaning of legislation should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." (citation omitted)

*U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). This is not such a "rare case."

As already indicated, § 362(h), the only provision of § 362 which uses the term "individual" instead of "debtor," is devoid of legislative history. Likewise, the term "individual" is nowhere defined in the Bankruptcy Code. Still, other provisions of the Bankruptcy Code indicate, by negative inference, Congress' intention to exclude "individuals" where natural persons were intended to be excepted. The Code's definition of "corporation," for example, specifically excludes an individual or a partnership. 11 U.S.C. § 101(9)(A)(i). The Code's definition of "person," on the other hand, is more encompassing, including "individual, partnership, and corporation." 11 U.S.C. § 101(41). Logically, had Congress intended a corporation to be an individual under the Bankruptcy Code, it would have proven unnecessary for Congress to include the word "corporation" in the definition of "person," because the word "individual" would have likewise included corporations. *Consolidated Rail,* 173 B.R. at 147. Nevertheless, in those defined sections of the Code, individuals are separately distinguished from partnerships, corporations, and other artificial entities distinct from natural persons.

It is clear that Congress explicitly intended for § 362(a) to apply to all debtors. This does not mean, however, that all debtors are created equal for purposes of the § 362(h) sanction provision. Whether the use of the word "individual" was an intentional act or a Congressional oversight is for the legislature to determine. Absent any justification to the contrary, we find that, in accordance with the plain meaning of the word, an "individual" for purposes of § 362(h) of the Bankruptcy Code does not include a corporate debtor. As such, Midway is not entitled to the benefits of that provision. The Bankruptcy Court's awarding of attorneys' fees pursuant to 11 U.S.C. § 362(h) is therefore reversed.

## CONCLUSION

For the reasons set forth above, the Bankruptcy Court's decision is reversed.