## In re FASHIONS USA INCORPORATED, Debtor.

### No. 01–93470.

United States Bankruptcy Court, C.D. Illinois.

Oct. 22, 2003.

Jason M. Crowder, Mattoon, IL, for debtor.

William A. Sunderman, Charleston, IL, for creditor.

Roy J. Dent, Edward W. Brankey, Charleston, IL, for trustee.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court on a Motion for Sanctions for Violation of Automatic Stay filed by the Debtor, Fashions USA Incorporated; Motion to Strike and Dismiss Motion for Sanctions for Violation of the Automatic Stay by Respondent U.S. Bank; and Motion for Sanctions by U.S. Bank Corp.; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Debtors' Motion for Sanctions for Violation of Automatic Stay is premised upon 11 U.S.C. § 362(h), which states:

> (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

While there is a split among the Circuits as to the issue of whether a corporate debtor has a right of action under § 362(h) and the Seventh Circuit Court of Appeals has not ruled on this issue, this

Court finds that the majority of Bankruptcy Courts in Illinois have held that only a "natural person" can recover damages under § 362(h), and that a corporation is not an "individual" as contemplated under § 362. *See: In re Prairie Trunk Railway,* 112 B.R. 924 (Bankr.N.D.Ill.1990); *In re Prairie Trunk Railway,* 125 B.R. 217 (Bankr.N.D.Ill.1991); *Consolidated Rail Corp. v. Gallatin State Bank,* 173 B.R. 146 (N.D.Ill.1992); *In re Material Corp., Inc.,* 206 B.R. 933 (Bankr.N.D.Ill.1996); and *In re Ontario Entertainment Corp.,* 237 B.R. 460 (Bankr.N.D.Ill.1999). This Court finds that the opinions issued by the Bankruptcy Court for the Northern District of Illinois, as cited herein, represent sound reasoning and interpret the clear and plain meaning of the term "individual" as used in 11 U.S.C. § 362(h).

In considering the case relied upon by Debtor, *In re A & C Electric Company, Inc.,* 188 B.R. 975 (Bankr.N.D.Ill.1995), the Court finds that said case is factually distinguishable from the case at bar, and that said case is clearly a minority opinion and not controlling of the issue presently before this Court.

 Even had the Court been able to determine that the Debtor has a right of action under 11 U.S.C. § 362(h), the facts as presented in this matter do not support the finding of a willful violation of the automatic stay. Section 3–107 of the Illinois Motor Vehicle Code provides that a certificate of title issued by the Secretary of State is *prima facie* evidence of the facts appearing on it. 625 ILCS 5/3–107. Based upon the testimony and evidence adduced at hearing in this matter, the Court finds that the certificates of title for the two vehicles, which are the subject of this Motion, indicate that the vehicles are not owned by the corporation. The testimony of the parties was insufficient to overcome the presumption of ownership arising from the certificates of title to the subject vehicles.

 Finally, the Court addresses the Motion for Sanctions filed by U.S. Bank Corp., and finds that, even though the Debtor is not entitled to avail itself of the remedy provided by 11 U.S.C. § 362(h), there was sufficient dispute in the facts and as to the law to preclude a finding that the Debtor's Motion for Sanctions for Violation of Automatic Stay was a frivolous pleading. As such, the Court finds that the Motion for Sanctions filed by U.S. Bank Corp. should be denied.